# Alexander *v.* Pennsylvania Water Company, Appellant.

*Negligence—Evidence of negligence—Master and servant.*

In an action by a servant against a master to recover damages for personal injuries caused by an alleged defective portion of a pump, it is error to submit the case to the jury, where there is no proof of what caused the accident, and mechanical experts testify that the accident might have resulted from several causes, and all that plaintiff relies upon is a mere assumption on his own part that the alleged defective portion of the pumps was so constructed under the supervision of the defendant's general superintendent that it was not able to stand the pressure to which it was subjected.

Where the plaintiff's case, in an action for damages for personal injuries, rests wholly upon a supposable theory, not supported by established facts, and from the same facts three other just as probable theories are deducible, and neither one of them imputes liability to the defendants, there can be no recovery. To permit it would be to allow a recovery on mere proof of an accident.

Argued Oct. 31, 1901. Appeal, No. 91, Oct. T., 1901, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1899, No. 87, on verdict for plaintiff in case of Abraham Alexander v. Pennsylvania Water Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Trespass to recover damages for personal injuries. Before McClung, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* among others was (8) in refusing binding instructions for defendant.

*A. W. Duff*, with him *H. E. Carmack*, for appellant.—There was no sufficient evidence of negligence to submit to the jury: Reese v. Clark, 146 Pa. 465; Payne v. Reese, 100 Pa. 301; Rummel v. Dilworth, 131 Pa. 509; Hawthorne v. Penna. Salt

Co., 10 Pa. C. C. Rep. 76; Simpson v. Pittsburg Locomotive Works, 139 Pa. 245 ; Zahniser v. Penna. Torpedo Co., 190 Pa. 350 ; Folk v. Schaeffer, 186 Pa. 253 ; Shaffer v. Haish, 110 Pa. 575 ; East End Oil Co. v. Penna. Torpedo Co., 190 Pa. 353 ; Snodgrass v. Carnegie Steel Co., 173 Pa. 234 ; Shafer v. Lacock, 168 Pa. 497 ; Mixter v. Imperial Coal Co., 152 Pa. 395 ; Painter v. Mayor of Pittsburg, 46 Pa. 213 ; Ardesco Oil Co. v. Gilson, 63 Pa. 146 ; Faber v. Carlisle Mfg. Co., 126 Pa. 387 ; McAvoy v. Penna. Woollen Co., 140 Pa. 1 ; Cooper v. Butler, 103 Pa. 412 ; Wood on Master & Servant, 697, 698 ; Creed v. Penna. R. R. Co., 86 Pa. 145.

*James T. Buchanan,* for appellee, cited : Ardesco Oil Co. v. Gilson, 63 Pa. 146.

OPINION BY MR. JUSTICE DEAN, January 6, 1902 :

Abraham Alexander, the plaintiff, was the engineer in charge of appellant's pumping plant at Wildwood station, on November 3, 1897, when he was injured by an accident.

The plant consisted of two compound duplex pumps placed in a well about twenty-three feet deep and thirty to thirty-five feet in diameter. A cast iron elbow connecting one of the pumps with the force main leading to the reservoir, about 600 feet above the pumping plant, had been cracked some time before, and it became necessary to replace it with a new one. On the afternoon before the accident, plaintiff telephoned to his brother, W. A. Alexander, general superintendent of the defendant company, to Wilkinsburg, of this fact and the latter directed that the cracked elbow be removed and shipped to the Pittsburg Supply Company at Pittsburg. The superintendent then went to the shop of the supply company, and assisted in selecting and putting together the parts of the new elbow. This new elbow consisted of a cast iron piece, or "L" proper, into each end of which was screwed a wrought iron nipple, and cast iron flanges were screwed to the other ends of these nipples. These flanges were to be bolted on to the pump and to the force main. The new elbow was shipped to the pumping station on the following morning, and was removed to the plant, only a few feet away, by employees at the plant. Abe Alexander, the plaintiff, saw it before it was placed in the well,

but did not inspect it. It was lowered into the well and placed in position on the pump by employees at the pumping station, and was bolted in place by W. A. Alexander, the general superintendent, and Abe Alexander, plaintiff, the engineer in charge, assisted by two employees of the company who had placed it in position. Just before the work of tightening it up was completed, the general superintendent left for the city and the work was completed by Abe Alexander, the plaintiff, and his assistants. Abe Alexander at once started the pumps and immediately thereafter the new elbow gave way and in falling into the pit broke a steam connection. The escaping water struck the plaintiff and threw him into the pit and the escaping steam from the broken valve struck him, severely scalding his back, and he was otherwise seriously injured by the fall. The pumps were stopped at once by the other employees, the steam was turned off and Alexander was removed from the well, taken to his home where he was confined for a period of fourteen months, when he was able to visit the plant and give it general supervision. He remained with the appellant company, receiving his regular salary, for eighteen months after the accident, when he resigned and instituted this action.

It was alleged by plaintiff that the threads on the end of the iron pipe which screwed into the flange, did not penetrate more than five threads or five eighths of an inch, and that this was insufficient to stand the pressure, and, that because of this shallowness, when the pressure was put on the threads stripped from the flange thus causing the accident; and that this depth, only five eighths of an inch, was negligence for which the defendant was answerable, because its general superintendent, W. A. Alexander, was in the machine shop at Pittsburg when these parts were put together, directing and supervising the manner of work. It was denied by defendant, that there was any stripping of the threads, or that there was any proof of what caused the accident; and it is argued as to this class of cases, before a recovery can be had the cause of the accident must be clearly shown. The learned judge of the court below submitted the evidence to the jury to find, whether the cause of the accident was defective bolting of the iron pipe to the flange, and whether the work was done under the direction of

the company's superintendent; and if they answered both questions in favor of plaintiff's theory, he was entitled to a verdict. The jury found for plaintiff and defendant appeals, assigning nine errors.

The first assignment is the refusal of the court to affirm defendant's first written point as follows: " The only evidence in this case of negligence on the part of the defendant is the inference from plaintiff's calculation that only five threads of elbow No. 2 were screwed into the flange bolted to the supply main, and the further inference that the accident was caused · by the breaking away of the nipple from this flange by reason of the five threads not having sufficient strength to resist the pressure of the pump. The uncontradicted testimony is that five threads, if the material were of proper quality and the threads properly cut, would be more than sufficient to resist the pressure of the pump, and negligence cannot therefore be imputed to the defendant, and plaintiff cannot recover."

We have looked in vain through this testimony to find any sufficient proof of what caused the accident. The plaintiff himself, a steam engineer, testifies, that he examined the nipples after the accident and that the short nipple in the pipe that broke was three and one eighth inches long, and the long nipple six inches, each having eight threads to the inch and each screwed into the elbow; the other end that screwed into the flanges had the same number of threads to the inch, the broken one being only three and three eighths inches long. Plaintiff further testifies, that the threads on the one end of the iron pipe which screwed into the flange were not, in his opinion, screwed in more than five threads or five eighths of an inch, and that this was insufficient to stand the pressure. We have used the words "in his opinion " because that is all his testimony amounts to. The threads on the nipple were intact, they had not abraded or stripped; the flange was not exhibited, and so far as appears, was not seen or examined by any one after the accident; therefore, there was no positive evidence that the thread in it had been stripped or broken. Plaintiff assumes, that the hold was weak because, as he further assumes, the nipple was screwed in but five eighths of an inch. But both were mere assumptions; he must prove, that this was negligence of defendant and caused the accident. He is of opinion that it did, but that is not suf-

ficient to charge the defendant. The expert mechanical engineers testify that the accident might have resulted from several causes : 1. A defect in the material of which the flange was made. 2. Imperfect thread in the flange. 3. By putting in the elbow and a tightening of the first flange, the unbroken one, before the second flange was drawn home. That the accident might have resulted from any one of these causes. The pressure, at most, on these threads was 275 pounds to the square inch and they would resist more than twice that pressure. The plaintiff's supposition is, that the threads in the flange stripped, but the reason he gives is, that they were too few to sustain the pressure ; he does not show what pressure they would sustain, or rather that five threads would not sustain a maximum pressure of 275 pounds to the square inch. The mechanical engineers, thoroughly familiar with the subject, testify the accident could not have been caused by too few threads, but that it might have been caused by defective iron out of which the flange was made, or imperfect threads in the flange, or in crude or negligent fitting of the parts together. If the material or iron was defective, that was the fault of the machinist, unless the defect was apparent, which last is not alleged. If the threads were imperfectly cut, that was the fault of a negligent or incompetent workman in the machine shop. For, assuming that superintendent Alexander supervised the designing of the work, it is not pretended he took the place of the workman who manipulated the tools in the shop. If the accident was caused by negligently putting the work together at the plant, plaintiff was as much responsible as the defendant. He was certainly, most competent of all of them, by reason of position and experience, to judge of the proper method. The, trouble with plaintiff's case is, that it rests wholly on a supposable theory not supported by established facts. From the same facts at least three other just as probable theories are deducible, and neither one of them imputes liability to the company. Over and over, we have held there can be no recovery under such circumstances. To permit it, would be to allow a recovery on mere proof of an accident. " It is not permissible to guess at the cause of an injury and assume it something for which defendant was responsible : " Reese v. Clark, 146 Pa. 465. " In an action by a servant against the master for furnishing her with a defective machine,

the cause of the accident must be clearly shown : " Hawthorne v. Penna. Salt Co., 10 Pa. C. C. Rep. 76. " The plaintiff being a workman was bound to prove not only the fact of the accident but also some specific negligence of the defendant which caused it : " Wojciechowski v. Spreckels' Sugar Refining Co., 177 Pa. 63. " The general rule is, that the burden of proof is on the plaintiff to establish negligence and it is not sufficient to show that an accident happened through the breaking of materials : " Zahnhiser v. Penna. Torpedo Co., 190 Pa. 350.

The plaintiff in this case only proved that an accident happened causing him grievous injury, and the jury guessed it resulted from negligence of defendant ; they should not have been allowed to make this guess. " There can be no recovery unless the plaintiff prove by affirmative evidence that the cause of the explosion was one for which defendant was liable ; and when he simply proves that the cause was unknown, his proof was radically defective and he cannot recover for that reason. The jury could only reach a verdict by conjecture without proof, and as we have many times said, that is insufficient : " Snodgrass v. Carnegie Steel Co., 173 Pa. 234 ; Shafer v. Lacock, 168 Pa. 497.

As our opinion, on appellant's first assignment of error conclusively sustains its appeal, a discussion of the other eight assignments is unnecessary.

The judgment is reversed.