# McGrath v. Pittsburgh Gage & Supply Co., Appellant.

*Negligence—Master and servant—Defective tools—Case for jury.*

1. While a specific act of negligence causing injury must be shown to enable an employee to recover from his employer, and the jury cannot be permitted to guess the cause, the employee meets the burden of proof by showing a cause for which defendant was responsible, sufficient to produce the injury complained of, and

that other causes which might have produced the injury did not exist.

2. In an action of trespass to recover damages for personal injuries sustained by plaintiff, a pattern maker, apparently in consequence of defects in a lever and screw attached to the guard of a circular saw in the operation of which plaintiff was injured, a verdict and judgment for plaintiff was sustained, where it appeared that there was no other cause which could have produced the injury, and that defendant's foreman had been repeatedly notified of the defects, of which plaintiff was ignorant.

Argued Oct. 22, 1913. Appeal, No. 64, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., First T., 1909, No. 440, on verdict for plaintiff in case of Robert J. McGrath v. Pittsburgh Gage & Supply Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,000 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, and to enter judgment for defendant n. o. v.

*W. S. Dalzell*, of *Dalzell, Fisher & Hawkins*, for appellant.

*L. K. Porter*, with him *John Gloeckner*, for appellee.

PER CURIAM, January 5, 1914:

If, as contended on behalf of the defendant, the testimony at the trial established only a possible cause of the plaintiff's injury, or if the cause relied upon was merely one of a number of equally probable causes, for the others of which the defendant could not be held answer-

able, the case should have ended on the motion for a nonsuit. To enable an employee to recover for injuries from an employer, a specific act of negligence which caused the injury must be shown. A jury cannot be permitted to guess a cause: Alexander v. Water Co., 201 Pa. 252; Price v. Railroad Co., 202 Pa. 176; Montgomery v. Rowe, 239 Pa. 321.

The defendant's contention was not however sustained by the testimony. It was shown that a cause sufficient to produce the injury and for which the defendant was liable existed and that other causes which might have produced it and which imposed no liability did not exist. The plaintiff was a pattern maker and was injured when sawing a short piece of wood by means of a circular saw which revolved in a slot in the top of an iron table. At one side of the saw there was a movable guard or fence to regulate the width of the piece to be sawed. This guard was moved towards or from the saw by the use of a lever which rested in a socket and was held in place by a set screw. In order to operate the saw with safety, it was essential that the guard should be in alignment with it, otherwise the piece through which the saw was passing would be thrown from its place and the hands of the operator would be liable to come against the saw. The lever and set screw were worn and failed to keep the guard in alignment and of this defect the defendant's foreman had been repeatedly notified, and of it the plaintiff, who used the saw only occasionally, had no knowledge. He set the guard, tightened the set screw and while holding the piece of wood it was thrown out of place and his hand was hurt by the saw. It thus appeared that without negligence upon his part, he was injured because of a defective appliance of which his employer had knowledge.

The judgment is affirmed.