Forney v. Cox, Appellant (No. 1).

*Negligence — Evidence — Hospital record — Omission to read whole record.*

The omission to read the whole of the hospital record of the plaintiff in an accident case is not ground for a new trial, where it appears that the defendant's counsel had access to the record, and could have known of the omission, and there is nothing to show that plaintiff's counsel countenanced any concealment. The part omitted is not such after-discovered evidence as would justify a reversal because a new trial was not granted on account of it.

Argued Oct. 18, 1918. Appeal, Nos. 229 and 237, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1917, No. 1289, on verdict for plaintiffs in case of John A. Forney and Margaret D. Forney, his wife, v. E. Roberts Cox. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass for personal injuries. Before FERGUSON, J.

Verdict and judgment for John A. Forney for $1,500, and for Margaret D. Forney for $1,500. Defendant appealed.

*Error assigned* was in refusing to grant a new trial.

*Robert P. Shick,* for appellant.

*Francis G. Gallagher,* for appellees.

OPINION BY WILLIAMS, J., December 12, 1918:

There is little in this case to differentiate it from House v. Cox, 70 Pa. Superior Ct. 531, and it is ruled in all but one point by that decision. Counsel contends that a new trial should have been granted because the physician who treated Mrs. Forney failed to read the full text of

her hospital record, reading, at the trial, the portion mentioning a diagnosis of fractured skull, and failing to read the portion stating that an X-ray failed to show a fracture.

The record was in court, defendant's counsel had access to it and could have known of the omission. It is not, therefore, such after-discovered evidence as would compel the granting of a new trial: see Marine Coal Co. v. P., McK. and Y. R. R. Co., 246 Pa. 478. There is no indication that plaintiffs or counsel countenanced any concealment. The court charged that while there was some evidence of a fractured skull, "Mrs. Forney was kept quiet for three weeks and there was no evidence of any injury to the brain and she was discharged." No abuse of discretion appears in the court's refusal of defendant's motion.

The judgment is affirmed.