## House *v.* Cox, Appellant (No. 1).

*Negligence—Automobiles—Collision—Case for jury.*

In an action to recover damages for personal injuries incurred by reason of a collision between two automobiles, a verdict and judgment for plaintiff will be sustained where the evidence for plaintiff, although contradicted, tended to show that as plaintiffs' car was proceeding along the right side of a road, defendant's car overtook it, and passed on the left, that as it did so its rear right wheel struck the left front wheel of plaintiffs' car, which suddenly turned to the right and upset, and that passengers in plaintiffs' car

felt a slight grinding noise and a sudden impact as defendant's car was turning to the right in front of their car, just before the driver lost control.

Argued Oct. 18, 1918. Appeals, Nos. 228 and 238, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1917, No. 1291, on verdict for plaintiffs in case of Robert C. House and Jean M. House, his wife, v. E. Roberts Cox. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

Verdict and judgment for plaintiffs, for Robert C. House for $500, and for Jean M. House for $500. Defendant appealed.

*Errors assigned* were in form of reasons for a new trial.

*Robert P. Shick,* for appellant.

*Francis G. Gallagher,* for appellees.

OPINION BY WILLIAMS, J., December 12, 1918:

Defendant appeals from a judgment entered in favor of Robert C. House, arising from personal injuries to Mrs. House in an automobile accident. The assignments are not in accord with our rules and will not be considered seriatim. Appellant urges that the evidence disclosed two probable causes for the accident: (1) that plaintiffs' driver was startled by the sudden passing of defendant's car and lost control of the wheel, resulting in his car upsetting, and (2) that defendant's car struck plaintiffs' car in passing, forcing control of the steering wheel from plaintiffs' driver; that we should apply the doctrine of Alexander v. Pa. Water Co., 201 Pa. 252, and cognate cases, that the jury should not be permitted to guess the

cause was the one for which defendant would be liable. We do not agree, however, that the facts as they might have been found by the jury, disclosed any uncertainty as to the cause of the accident. Plaintiffs' car was proceeding along the right side of the road; defendant's car overtook it and passed on the left, its rear right wheel striking the left front wheel of plaintiffs' car, which suddenly turned to the right, crossed the curb and upset. Passengers in plaintiffs' car felt a slight grinding noise and a sudden impact as defendant's car was turning to the right partly in front of their car, just before their driver lost control. That defendant's witnesses testified there was no collision, that his car showed no marks, that disinterested witnesses did not notice the impact, cannot alter the fact that there was evidence to sustain the jury's finding.

The objections to the charge and the court's refusal of a new trial, are without merit. The jury was told that in determining the weight of the testimony it should consider the interests of the parties. The majority of the material evidence having been given by numerous interested parties on both sides, we see no necessity for a more minute discussion by the court.

The judgment is affirmed.