## Graybill *v.* Pullman Motor Car Company, Appellant.

*Negligence—Master and servant.*

In an action by a servant against a master to recover damages for personal injuries caused by the bursting of an alleged defective pipe fitting in a compressed air system, the question of the negligence of the defendant is for the jury, where positive evidence is produced that the explosion was caused by a defective valve.

*Evidence—Expert testimony—Cross-examination.*

Where a witness is testifying as an expert and his competency as such has been passed on by the court he may be asked on cross-examination any material question directly bearing upon his testimony-in-chief as to what caused the accident involved in the case, and refusal to allow such question is reversible error.

Argued March 12, 1918. Appeal, No. 18, March T., 1918, by defendant, from judgment of C. P. York County, April Term, 1916, No. 90, on verdict for plaintiff in case of William J. Graybill v. Pullman Motor Car Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WANNER, P. J.

Verdict for plaintiff for $810.75 and judgment thereon. Defendant appealed.

From the record it appeared that the plaintiff was employed in appellant's automobile factory in the capacity of repairman and toolmaker. While repairing a machine in the sheet-metal department on the second floor of the building he had occasion to require some extra materials which he sought from his superior in another part of the factory. While in search of the superintendent in order to obtain an order from the head of the department he entered the air compressor room of the factory and, when about to approach the superintendent and ask for an attachment plug, an explosion occurred in the pipe of the air compressor system and the plaintiff was struck by flying pieces and severely injured.

*Errors assigned,* among others, were the refusal of the following offers of the defendant: (3-5).

Mr. Hoober: We desire to show, preliminary to other questions and other evidence to follow, that there was a latent defect in this "L" which exploded, to be determined by the fact that the weaker parts of this system than the "L" did not explode; that had it been an "L" without latent defects other parts of the system would have exploded and not that, we having already shown that the pressure was about 115 pounds and that the carrying capacity of the "L" was 175 to 200 pounds; this for the purpose of showing that there were other causes, or other reasons for this explosion than what the plaintiff alleges, to wit: an alleged defect in this auxiliary valve.

By the Court: Does that refer to this particular machine, or some other?

Mr. Hoober: This particular system, this gauge and this tank and this "L" which exploded, as well as the high pressure unloader and discharge main and all.

By the Court: Is not this asking for an opinion without laying a foundation for it?

Mr. Hoober: I assumed that he was competent to express an opinion because he was in charge of this air compressor since it was installed.

Argument by counsel.

By the Court: We reject the question as it stands now.

Mr. Hoober: The defendant offers to prove by the witness on the stand, in contradiction of the testimony of the plaintiff and his witnesses, that no explosion could have taken place as plaintiff's case attempts to prove, namely: by a combination of air and oil; that an explosion could only take place through ignition, or by a spark within the pipes; that that spark or ignition would have to travel at least at a point between the auxiliary control valve at one end, and the point of explosion on the other. We offer to show the distance it would travel, and the method it would take in traveling; to the difficulties it would encounter in passing through the valves, for the purpose of showing that such a position is not only not proven, but it is improbable and unlikely, and for the purpose of sustaining the issue on the part of the defendant.

Mr. Glessner: Objected to as not proper, legal evidence in this case, no testimony having been given by the plaintiff of the matter alleged in this offer, and not being contradictory of anything that the plaintiff has offered.

By the Court: The objection is sustained. There is no evidence in the case of an explosion caused by ignition by a spark anywhere in the plaintiff's case, or by any witness on the stand. The theoretical question attempted to be put is not based on any of the evidence on either side. It is therefore rejected. Exception for the defendant.

*James A. Hoober,* for appellant.

*James G. Glessner,* and with him *K. W. Altland,* for appellee.

OPINION BY PORTER, J., February 28, 1919:

The plaintiff brings this action against his employer, the defendant, to recover for injuries sustained in the course of his employment, alleged to have resulted from the negligence of the latter. The injury occurred from the bursting of a pipe fitting, which was part of an air compressor system. There was, under the evidence, no doubt that the plaintiff was injured while in the course of his employment, but the circumstances were such as to require the plaintiff to prove that the accident resulted from the negligence of his employer and that such negligence was the cause of the injury.

The negligence alleged was in continuing to use an air compressor system with a defective auxiliary valve, which ought to have regulated the pressure to which the receiving tank, pipes and fittings were subjected. There was evidence that the valve was defective, that this was a source of danger, that this was known to the man to whom the employer had given control of this particular branch of the business, that the facts had been communicated to the superintendent of the factory, that a new valve had been ordered, but that the operation of the compressor, with the valve in this dangerous condition, had been continued for a considerable period. Two witnesses had testified that the failure of the valve to operate properly caused the tank, pipes and fittings to be subjected to a high pressure, caused the air to become hot and vaporized the oil contained in the pipes and tank, which uniting with the air would form a gas and that this would ignite and explode, and that, in their opinion, the accident was caused by an explosion within the pipe. One of these witnesses was the man employed by the defendant to operate the compressor, he was present when the accident occurred and said that he saw fire issue from the pipe when the fitting gave way, and that "If the new valve had been put on the explosion would not have occurred, at least I do not think so." The qualifications of this witness as an expert are not

questioned by any assignment of error, and he had been employed by this defendant as an expert and had charge of the machinery which caused the accident. The other witness, Britton, had been in the employ of the defendant as a machinist for several years, had worked about this air compressor and had particularly observed the alleged defective valve, while he had not had a technical education he did have practical experience with machinery of this character, peculiar knowledge upon the subject which cannot be assumed to be possessed by the ordinary man. Whether either of these witnesses was really a scientific expert, whose opinion should be relied on, whether their reasons for considering the use of the machinery dangerous were consistent with each other, and whether either really showed that the explosion was in fair probability caused by the defective valve, are questions on which we may entertain doubts, but they were questions of fact for the determination of the jury. In the face of this positive testimony, the court could not have assumed that the injury did not result from the alleged cause: Walbert v. Trexler, 156 Pa. 112; Stevenson v. Coal Company, 203 Pa. 316; Follansbee v. Garrett-Cromwell Engineering Co., 48 Pa. Superior Ct. 183. This disposes of the second, fourth, eighth and ninth specifications of error.

There was no exception taken in the court below to the admission of testimony embraced by the first specification of error, which is for that reason dismissed. The sixth and seventh specifications of error relate to the action of the court in sustaining objections to certain questions asked the witnesses by counsel for the defendant. These specifications are without merit as the defendant was permitted, under questions in another form, to introduce the testimony of the same witnesses as to all the material facts sought to be developed by the questions.

The plaintiff had called Emory Bender, who testified that he was present at the time of the accident and gave

the details of the occurrence. He was then examined by the plaintiff as an expert and stated that, in his opinion, the breaking of the fitting was caused by the auxiliary valve not working properly, which caused the unloading valve not to work properly, and too constant working of the machine would probably heat it; "If it would heat it high enough I thought that would cause the air and the oil in the pipe in the receiving tank to ignite and explode." The defendant proposed to ask this witness on cross-examination whether it was not more probable that the break in the fitting was caused by a latent defect therein, and whether, in the absence of such latent defect, any break in the system, caused by high pressure or an explosion, would not have occurred at some other part, rather than at the fitting, which was naturally capable of resisting higher pressure than the other parts of the system. The plaintiff objected to this question and the court sustained that objection, saying: "Is not this asking for an opinion without laying a foundation for it?" The court seems to have inadvertently overlooked the fact that this witness was being cross-examined, his competency as an expert had already been passed upon by the court, the plaintiff had offered him as an expert witness and as an expert witness he had given an opinion favorable to the plaintiff. The defendant had the right in cross-examination to ask him any material question directly bearing upon his testimony-in-chief as to what caused the accident. The third specification of error is sustained.

The theory upon which the plaintiff presented his case was that the high pressure of the air, caused by the defective valve, generated heat, which vaporized the oil, which combining with the air exploded at a high temperature. Each of the two witnesses called to sustain this contention stated that if the heat got high enough it would "ignite the oil and explode." They made these statements in answer to direct questions by the counsel of the plaintiff. The theory of the defendant was that

the accident was caused by a latent defect in the pipe fitting which gave way, that in the absence of such defect the fittings were the strongest part of the whole system, and that no explosion had occurred inside of the pipes. The defendant called as a witness Jacob D. Aldinger, to whose competency as an expert the plaintiff made no objection, and who was certainly by training and experience qualified to give an expert opinion. This was the only witness in the case who made any attempt to distinguish between an explosion, in the technical sense, and the bursting of a pipe from internal pressure, such as some times occurs in the pipes and fittings of water mains. He defined an explosion, in the sense in which it was used in the present case, as the sudden burning of oil vapors mingled with the compressed air, thus immediately developing an extraordinarily high pressure. The defendant proposed to prove by this witness that no explosion could have taken place within the compressed air tank or pipes, in the manner testified to by the witnesses for the plaintiff, namely : by a combination of air and oil; that an explosion could only take place, within a compressor operated as this one was, through ignition by a spark, and that it was altogether improbable that any spark could reach the point at which the explosion was alleged to have occurred. The introduction of this evidence was objected to and the court sustained the objection, saying: "There is no evidence in the case of an explosion caused by ignition by a spark anywhere in the plaintiff's case, or by any witness on the stand." The learned judge, in the hurry of the trial, evidently forgot that the witnesses upon whose testimony the plaintiff relied had said that the combination of vaporized oil and the air would "ignite" and explode. We are of opinion that it was competent for the defendant to prove that, under the conditions here presented, a combination of compressed air and vaporized oil would not explode in the absence of a spark, and that it was improbable that any spark could have reached the point

where the explosion is alleged to have occurred: Alexander v. Water Co., 201 Pa. 252. We are, therefore, constrained to sustain the fifth specification of error. With the exception of these rulings upon the admission of evidence the case was well tried by the learned judge of the court below and was submitted to the jury in a charge of which the defendant had no cause for complaint.

The judgment is reversed and a new venire awarded.