## Philadelphia City Passenger Railway Company *versus* Henrice.

92 431
147 572
92 431
181 464
92 431
. 25 SC [1] 93

1. Where a fact is established in a cause by evidence, tne jury may properly be allowed to draw therefrom such inferences as are logically deducible from it. Thus if it be shown that the driver of a car was asleep or intoxicated at the time of an accident, a presumption of negligence would properly arise. But the fact from which such inference is to be drawn must first be established. It will not do to presume that he was in that condition from some remote fact, in no way connected with the case, and upon this presumption base the additional presumption of his negligence. A presumption should always be based upon a fact, and should be a reasonable and natural deduction from that fact.

2. A child of tender years was injured by a passenger railway car. The court permitted plaintiffs to ask a witness how many hours the drivers and conductors on the railway were employed each day, for the purpose of showing that the driver of the car which injured the child was physically unable to discharge his duty at the time of the accident. *Held*, that this was error.

3. The court charged that if the driver saw the child in the street approaching the car, and in such close proximity that it might reach the track before the car passed, it was negligence on his part not to stop. *Held*, that this was error; that the standard of duty in such a case was a shifting one and for the jury.

January 12th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county*: Of January Term 1879, No. 139.

Case by Charles Henrice, by his father and next friend, Frederick Henrice, against the Philadelphia City Passenger Railway Company, to recover damages to said Charles, alleged to have been caused by the negligence of defendant.

At the trial, before Allison, P. J., it appeared that the mother of plaintiff kept a small candy store on Lancaster avenue. The defendants have two tracks on said street, one for eastward and one for westward bound cars. The track for eastward bound cars is on the south side of the avenue, on which is the residence of Henrice.

[Phila. City Pass. Railway Co. *v.* Henrice.]

About nine o'clock on the morning of the 21st of May 1877, Mrs. Henrice had placed her son, a child about sixteen months old, on the floor of her store, with the purpose of waiting on a customer. While so employed the child went into the street, and was knocked over by car No. 127 of the defendant's line. The mother did not know that the child had left the room until she heard its screams. The child was injured by a car going east on the track nearest the house of Henrice. A woman living opposite had seen the child coming towards the track, and had thrown up her hands and motioned to the driver "to stop." Another woman testified that the driver could have seen the child if he had been looking; that one looking on the street could have seen the child. The driver testified that he did not see the child, and that he did not understand the woman who cried out to him, and that his attention had been diverted by a woman who was crossing the track in front of him. The plaintiffs proposed to ask a witness what were the hours of service per day then required by the company of the driver. This to be coupled with the offer to show that the hours of service required of other drivers were required of the driver of the car that ran over the child. Objected to. Objection overruled, and evidence admitted. (First and second assignments of error.)

The fourth and fifth points of the plaintiff were as follows, both of which the court affirmed:

4. If the driver saw the child in the street approaching the car, and in such close proximity that the child might reach the track before the car passed, and the car was then far enough from the child to be stopped, it was his duty to have stopped, and in that case his not stopping was negligence. (Third assignment.)

5. If you believe from the evidence that the driver of car 127 was required by the company defendant to work from seventeen to eighteen hours daily, and if you believe such time of service rendered him unable to discharge his duties properly at the time of the injury, then such facts may be taken into consideration by you as evidence of negligence on the part of the defendants. (Fourth assignment.)

The verdict was for the plaintiff for $2500. The defendant took this writ, and alleged that the court erred as set forth in the above assignments.

*D. W. Sellers*, for plaintiff in error.—Instead of proof of negligence as a fact, the court admitted evidence from which the jury were to make inferences, and from these presume facts. That is, if the jury should think the contract of employment of a driver was too long in point of time, then, without any evidence, they were at liberty to believe such time of service rendered him unable to discharge his duties properly, and thus they could impute negligence to the company. No conclusion is reliable

[Phila. City Pass. Railway Co. v. Henrice.]

drawn from premises which are uncertain. Whenever circumstantial evidence is relied upon to prove a fact, the circumstances must be proved; and not themselves presumed. The law requires an open, visible connection between the principal and evidentiary facts, and does not permit a decision to be made on remote inferences: Douglass v. Mitchell, 11 Casey 443. There is no duty in a driver to assume that a child will run right into a car, and that no parent or adult is on guard: Phila. & Reading Railroad Co. v. Heil, 5 W. N. C. 91.

*M. H. Stutzbach* and *Benjamin H. Haines*, for defendant in error.—It is not necessary, in order to sustain the court below, that the proof that such extraordinary hours of labor were required of the driver (with the consequent deprivation of usual sleep), should go to the extent of raising a *legal presumption*, that he would sleep or be in a sleepy condition during the day whilst engaged in his duties. Such proof was admissible as furnishing a *probability* that such would be the effect of such hours of labor upon the driver, and, as a fact in connection with the other circumstances, it is right to refer it to the jury: Tanner v. Hughes, 3 P. F. Smith 290

Mr. Justice Paxson delivered the opinion of the court, March 1st 1880.

The first, second and fourth assignments relate to the same subject, and may be considered together. The first and second allege error in the admission of evidence on behalf of the plaintiff below to prove the hours of service required by the defendant company of its drivers and conductors, whilst the fourth relates to the instructions of the court upon said evidence.

The fact to be proved was, whether the driver of car No. 127 had been guilty of negligence upon the occasion in question in consequence of which the child, Charles Henrice, had been run over and injured. Was the evidence objected to of such a character as tended to prove this fact? It was undoubtedly competent to prove the condition of the driver at the time the accident occurred; that he was intoxicated, or absent, or for any other reason incompetent to attend to his duties: Pennsylvania Railroad Co. v. Books, 7 P. F. Smith 339; Mansfield Coal & Coke Co. v. McEnery, 10 Norris 185. These were specific matters which might have been proved; but how the fact that other drivers and other conductors were allowed only a certain number of hours for sleep and rest could affect the question of this particular driver upon this particular occasion is not apparent. It is easy to see, however, how such evidence might seriously influence the jury and increase the damages. When a fact is established in a cause by evidence, the jury may properly be allowed to draw therefrom such

11 Norris—28

inferences as are logically deducible from it.    Thus if it be shown that the driver was asleep or intoxicated at the time of the accident, a presumption of negligence would properly arise.    But the fact from which such inference is to be drawn must first be established.    It will not do to presume that he was in the condition referred to from some remote fact in no way connected with the case, and upon this presumption base the additional presumption of his negligence.    This would be to found a presumption upon a presumption, which is never allowed.  ·  A presumption should always be based upon a fact, and should be a reasonable and natural deduction from such fact.    The true rule was correctly stated by Mr. Justice THOMPSON, in Douglass *v.* Mitchell's Exrs., 11 Casey 443 : " That as proof of a fact, the law permits inferences from other facts, but does not allow presumptions of fact from presumptions.    A fact being established, other facts may be, and often are ascertained by just inferences.    Not so with a mere presumption of a fact ; no presumption can with safety be drawn from a presumption : there being no fixed or ascertained fact from which an inference of fact might be drawn, none is drawn."    What has been said applies to the charge of the court embraced in the fourth assignment, as well as to the offers of evidence.    There was no evidence that the driver of car No. 127 was in any way rendered incompetent to perform his duties in a proper and careful manner by reason of the severity of his labors or the loss of rest and sleep. In the absence of such evidence we have but a mere presumption, and upon this it was not competent to construct the further presumption of his negligence.

There was also error in affirming the plaintiff's fourth point. (See third assignment.)    The point is framed upon the assumption that the driver saw the child approaching the car.    There is no evidence upon this point save that of the driver himself, and he says he did not see it until after the injury.    It is possible he might have seen it had he been on the alert—some of the witnesses say so substantially—but the point is not so framed.    But if he had seen the child " in the street approaching the car, and in such close proximity that the child might reach the track before the car passed," it was still error to instruct the jury, as a matter of law, that it was negligence for the driver not to stop the car.    The standard of duty in such a case was a shifting one, and for the jury, not a fixed rule, the same under all circumstances, and, therefore, for the court.    It did not follow that the child would reach the car, and the point was framed upon the mere possibility of its doing so.    From the driver's standpoint, assuming him to have seen the child, it may have appeared extremely improbable.    It was a question for the jury to determine whether, under all the circumstances, it was his duty to stop.    It was error to rule it as a matter of law.

Judgment reversed, and a *venire facias de novo* awarded.