Mary Welsh *v.* Erie and Wyoming Valley Railroad Company, Appellant.

181   461
25 SC ¹ 93
j 25 SC ¹155

*Negligence—Evidence—Presumption..*

A presumption must be based on a fact or facts, and not on a presumption.

The law does not presume that the presence of a person upon a railway track is lawful, but only that a traveler on a highway leading to a railroad track crossing is lawfully upon the track for the purpose of crossing it.

In an action against a railroad company to recover damages for the death of plaintiff's son, it appeared that between nine and ten o'clock at night the deceased was found in a dying condition, lying between the tracks of a railroad a few feet from a street crossing. The railroad company maintained gates at the crossing, and a man to operate them during the day, but not at night. It also maintained three lamps, lighted during the night at the crossing. No one saw the deceased on the crossing, and no one saw him struck by a train. *Held,* (1) that the evidence was not sufficient to connect the railroad company's negligence, if any, with the injury to the deceased, so as to afford a presumption that the negligence caused the injury; (2) that, therefore, it was error to submit the case to the jury.

Argued Feb. 24, 1895. Appeal, No. 21, Jan. T., 1897, by defendant, from judgment of C. P. Wayne Co., Dec. T., 1895, No. 252, on verdict for plaintiff. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for death of plaintiff's son. Before PURDY, P. J.

The facts appear by the opinion of the Supreme Court.

Defendant's point and answer thereto among others were as follows:

14. Under all the evidence in this case the verdict must be for the defendant. *Answer :* This point is refused. It asks us to take the case from the jury and decide it. We think these are questions for the jury, and not for the court to determine. [1]

Verdict and judgment for plaintiff for $1,070.83. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*Homer Greene,* for appellant:—To found a presumption on a presumption is never allowed. A presumption should always

be based upon a fact, and should be a reasonable and natural deduction from such fact: Phila. City Pass. Ry. v. Henrice, 92 Pa. 434; 19 Am. & Eng. Ency. of Law, 39; United States v. Ross, 92 U. S. 281; McAleer v. McMurray, 58 Pa. 135.

The burden was on the plaintiff, not only to show that the defendant was negligent, but to show also that the decedent's injuries were caused by this very negligence: Phila. & Reading R. R. v. Schertle, 97 Pa. 450 ; Hart v. Allen & Grant, 2 Watts, 116 ; Reese v. Clark, 146 Pa. 465; Huey v. Gahlenbeck, 121 Pa. 238; 16 Am. & Eng. Ency. of Law, 428; Phila. & Reading R. R. v. Hughes, 119 Pa. 301; State v. Phila., Wilm. & Balt. R. R., 60 Md. 555; Thomas on Negligence, 583; Borden v. D., L. & W. R. R., 131 N. Y. 671; Ring v. City of Cohoes, 77 N. Y. 83; Ford v. Anderson, 139 Pa. 261; Pittston Coal Co. v. McNulty, 120 Pa. 414; West Mahanoy Township v. Watson, 116 Pa. 344; Oil Creek & Allegheny Railway Co. v. Keighron, 74 Pa. 316; Pittsburg, Fort Wayne & Chicago R. R. Co. v. Evans, 53 Pa. 254; Penna. R. Co. v. Mooney, 126 Pa. 252; Corcoran v. Boston & Albany R. R. Co., 133 Mass. 507; State v. Baltimore & Ohio R. R. Co., 58 Md. 221; Dobbins v. Brown, 119 N. Y. 188; Searles v. M. Ry. Co., 101 N. Y. 661; Gardinier v. R. R. Co., 103 N. Y. 674.

*Frank P. Kimble* and *Chas. A. McCarty*, for appellee.—Negligence is the want of care required by the circumstances. It may lie in omission or commission, in the failure to do what a reasonable person would have done under the circumstances of the situation, or in doing what such a person, under the existing circumstances, would have done ; McCloskey v. Chautauqua Lake Ice Co., 174 Pa. 34.

The case was for the jury: Hays v. Gallagher, 72 Pa. 140 ; Beatty v. Gilmore, 16 Pa. 463; Hoag & Alger v. Lake Shore & Michigan Southern R. R., 85 Pa. 293 ; Oil Creek, etc., Ry. v. Keighron, 74 Pa. 316 ; R. R. Co. v. Kerr, 62 Pa. 353 ; Empire Transportation Co. v. Wamsutta Oil Co., 63 Pa. 14 ; Douglass v. Mitchell, 35 Pa. 446; Pass. Ry. v. Henrice, 92 Pa. 434; United States v. Ross, 92 U. S. 281; Ritchie v. Reading, etc., R. R., 102 Pa. 432; Schum v. Penna. R. Co., 107 Pa. 8 ; Penna. R. Co. v. Weber, 76 Pa. 157 ; Wilson v. Penna. R. Co., 177 Pa. 503; Penna. R. Co. v. Coon, 111 Pa. 430; Penna. R. Co. v. Lyons, 129 Pa. 113 ; Parsons v. R. R., 113 N. Y. 355.

OPINION BY MR. JUSTICE DEAN, May 27, 1897:

A highway or street in the borough of Hawley, Wayne county, crosses the railroad track of defendant company at grade. The defendant maintained gates at the crossing, and a man to operate them during the day, but not at night; it also maintained three lamps at the crossing which were kept lighted during the night. Between 9 and 10 o'clock at night, on November 23, 1895, Thomas Cunion, a fireman on an engine which stood on a siding near the crossing, found Patrick Welsh, son of plaintiff, lying a few feet from the crossing between the tracks of the railroad; he was badly bruised and crushed, and died in a few hours afterwards. The plaintiff alleged her son's death was the result of the railroad company's negligence, and brought this suit. The court submitted the evidence to the jury on three questions: 1. Was the nonoperation of the gates at nighttime negligence? 2. Was the absence of a flag in the nighttime negligence? 3. Was there negligence in failure to maintain sufficient lamps at the crossing? If they found against defendant on either question, then they were instructed to find whether Patrick Welsh was lawfully upon the crossing when he received his injuries, and if he was, plaintiff was entitled to damages. There was a verdict for plaintiff, and defendant now appeals. The appellant prefers but one assignment of error, the refusal of the court below to affirm its fourteenth point, as follows: "Under all the evidence in this case the verdict must be for the defendant."

No one saw deceased on the crossing; though near to it, he was not on it when found; no one saw him struck by a train. If struck by a train, whether he was on the crossing when struck or was approaching it from the railroad track is not known. Assuming, then, as to the general public, the company was negligent in not operating the gates at night, or in not maintaining a flagman at night, or in not keeping a sufficient light, this negligence must be so connected with the injury to deceased as to afford a presumption that the negligence caused the injury. But how can we presume the negligence caused the injury when there is no necessary connection between the alleged negligence and the injury? To make the connection, we must presume he was thrown from the crossing to the track; and further, presume he was lawfully upon the crossing when struck. If he

had been seen walking upon it, or even going on the highway towards it, the jury might have found he was lawfully upon it. The law does not presume that the presence of a person upon a railway track is lawful; it will presume that a traveler upon a highway leading to a railroad track crossing is lawfully upon the track for the purpose of crossing it; but, if only found there, he may have been there as a mere loiterer, or he may have been a trespasser walking on the ties to reach a destination not touched by the highway. In this case, the jury were permitted to presume negligence on part of defendant, then to presume that deceased was lawfully on the railroad track, and then to still further presume defendant's negligence caused his death. The plaintiff was bound, not only to prove negligence as to the general public using the crossing, but to go further and show this negligence was the proximate cause of a particular individual's death, or, as in this case, of Welsh's death. A presumption must be based on a fact or facts, not on a presumption: Railway Co. v. Henrice, 92 Pa. 434; Railroad Co. v. Evans, 53 Pa. 253. In Railroad Co. v. Schertle, 97 Pa. 450, a brakeman, while coupling cars, fell under the wheels of the engine and was killed. The track at that point was defective, also the steps of the tender on the engine, and it was urged as an inference that his fall was due to one or the other defects. This court, in reversing the judgment said : " There was not a particle of proof that either the track or step had anything to do with his death. For aught that appears he may have fallen in a fit, or for some cause wholly disconnected from either. The case was submitted to the jury without evidence, and the verdict has no better foundation than a guess." The evidence here shows this young man was intoxicated in the village shortly before he was found ; the jury might, on such facts, with as much reason, as is shown by their present verdict, have guessed he lay on the track in a stupor.

The assignment of error is sustained, and the judgment is reversed.