## Buck *v.* Quaker City Cab Company.

*Negligence—Automobiles—Collisions—Proof of ownership and operation—Evidence—Sufficiency.*

To recover for injuries sustained in a collision between two automobiles, it is necessary for the plaintiff to prove not only that the defendant was the owner of the car, and that the driver was his servant, but that such servant was at the time of the accident engaged in his master's business.

When the only evidence to establish the agency of the driver and the fact that he was engaged in his master's business was the proof that he wore a chauffeur's uniform, the burden cast upon the plaintiff has not been met, and a verdict should be directed for the defendant.

A presumption may not be founded on a presumption, it should always be based upon a fact, and should be a reasonable and natural deduction from that fact.

Argued October 22, 1920, Appeal, No. 145, Oct. T., 1920, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1913, No. 3557, on verdict for plaintiff in the case of Dennis Buck v. Quaker City Cab Company.

440, (1921).] Statement of Facts—Opinion of the Court.
Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREX-
LER, KELLER and LINN, JJ.  Reversed.

Trespass to recover damages for personal injuries.
Before WESSEL, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff for $1,100 and judgment thereon.
Defendant appealed.

*Error assigned,* among others, was the refusal of de-
fendant's motion non obstante veredicto.

*George Ross,* and with him *C. William Freed,* for ap-
pellant.

*Harry A. Gorson,* and with him *John J. McDevitt, Jr.,*
for appellee.

OPINION BY LINN, J., March 5, 1921:

We must sustain the assignment to the refusal to di-
rect a verdict for defendant.

Plaintiff and three others were in a wagon driven west-
ward on Vine street about 7:30 a. m.  An automobile
owned by defendant negligently collided with the wagon
and plaintiff was injured.  The record contains no evi-
dence of the business in which defendant was engaged.
In its affidavit of defense it set up that the automobile
was stolen from its garage that morning, and at the time
of the occurrence was being driven by persons to it un-
known, without its authority, and not upon its business.
To recover, in addition to proving negligence causing the
accident, it was "necessary for the plaintiff to prove not
only, [a] that defendant was the owner of the car and [b]
that the driver was his servant, but [c] that such servant
was at the time engaged in his master's business": Scheel
v. Shaw, 252 Pa. 451, at 460.  The negligent driving of the
car was established, and of the three remaining facts

mentioned in the rule quoted, there is no dispute about the first, (a) the ownership of the car being admitted. But the rule requires proof of (b) that the driver was defendant's servant and (c) that such servant was at the time engaged in the master's business. Appellant contends that the record is destitute of evidence to support facts (b) and (c). As to (b): the learned counsel for plaintiff contends that a presumption must be made that the driver of the car was defendant's servant from the following evidence given by a witness who was riding with plaintiff: "Q. Who was driving this taxicab? A. A chauffeur who had a regular suit and hat on." ......"Q. Who else was in this cab besides the uniformed chauffeur? A. I only saw one. The only chance I had, I just had one glance to see it and it was done that quick." ......"Q. Did you see the automobile before it struck the wagon? A. No, sir. I was sitting like this and heard a buzzing. As I turned my head it smashed right into it. I had enough chance to see it was a chauffeur and he was in uniform. Q. Do you mean to say that you looked around sufficiently soon to see that it was a regular chauffeur driving the taxicab? A. Yes, sir, but it was done that quick, at the same time. I had no more chance and then everything was spilled over and I was sent down on the curb. Q. I understood you to say you saw the chauffeur after you were thrown out of the wagon? A. No, I did not say that." As there was no evidence that defendant's cars were driven by chauffeurs in uniform, there is no description of the uniform.

If for the purpose of this case we infer from that testimony that the driver was defendant's servant (leaving undecided whether such evidence will support the presumption), we are still left without the third fact (c), that at the time he was engaged in the master's business. There is no evidence of any kind to show upon what business or errand any of the occupants of the defendant's car were engaged. As soon as the accident occurred, they all ran away. Assuming then that fact (b),

440, (1921).]        Opinion of the Court.

the employment, be presumed from the evidence that the car was driven by "a uniformed chauffeur," by "a chauffeur who had a regular suit and hat on," we could not from that presumption go forward and presume fact (c), the character of the work in which the driver was engaged.

The language of the Supreme Court in Passenger Ry. Co. v. Henrice, **92 Pa.** 431, 434, is applicable: "This would be to found a presumption upon a presumption, which is never allowed. A presumption should always be based upon a fact, and should be a reasonable and natural deduction from that fact. The true rule was correctly stated by Mr. Justice THOMPSON, in Douglass v. Mitchell's Exrs., 11 Casey 443: 'That as proof of a fact, the law permits inferences from other facts, but does not allow presumptions of fact from presumptions. A fact being established, other facts may be, and often are ascertained by just inferences. Not so with a mere presumption of a fact; no presumption can with safety be drawn from a presumption; there being no fixed or ascertained fact from which an inference of fact might be drawn, none is drawn.'" See also Welch v. R. R. Co., 181 Pa. 461, 463, 464; 10 R. C. L. 868, 870.

The judgment is reversed and is now entered for the defendant.