## McHugh v. McHugh

*Albert T. Hanby*, for libellant; *Myles Higgins*, for respondent.

PARRY, J., June 28, 1932.—The libel charged the respondent with committing adultery at various places and with various persons unknown to the libellant. In support of this averment, libellant testified that on the evening of January 13, 1932, she followed the respondent, who joined a girl whom he took to a hotel. The libellant from a distance saw the respondent write at the hotel desk, and then with his companion enter the elevator, which bore them upward and out of her sight. She retired to the street and watched for about two hours but did not see them reappear. At the hearing before the master, the hotel register was produced and shown the libellant, who said that the words "Joseph P. Walton and wife, Pittsburgh, Penna.," which appeared under date of January 13, 1932, were in her husband's handwriting.

This was all the proof and upon it the master found "that the conduct of the respondent would be considered by an ordinary prudent person as being inconsistent with innocence and that the respondent did, on January 13, 1932, commit adultery with a female person whose name and address are unknown."

While it is true that in proceedings for divorce the fact of adultery may be established by circumstantial evidence, still circumstances must be shown which lead fairly and necessarily to the conclusion of the adulterous practice alleged in the libel: Yocum *v.* Yocum, 3 Dist. R. 615. Now the circumstances here relied on to show adultery are that the respondent and his companion registered under assumed names and went upstairs in an elevator, from which it may, no doubt, be inferred that they intended to go to a bedroom and pass the night therein. This inference is founded on facts directly proven, but it is an inference insufficient for the purposes of this case. There must be positive proof of facts from which the inference of adultery may be drawn; the circumstances themselves must be shown and not left to conjecture, and when shown it must appear that the inference to be drawn is the only one which can fairly and reasonably be drawn therefrom. In Douglass *v.* Mitchell's Exec'r, 35 Pa. 440, the third paragraph of the syllabus reads:

"Whenever circumstantial evidence is relied upon to prove a fact, the circumstances must be proved, and not themselves presumed; no presumption can be drawn from a presumption; if there be no fixed or ascertained fact from which the inference of another fact may be drawn, the law permits none to be drawn from it."

The essential fact to be proved was that the parties occupied the bedroom. It will not do to presume this, and upon this presumption base the additional presumption that they committed adultery. This would be to found a presumption upon a presumption. A presumption should always be based upon a fact and should be a reasonable and natural deduction from that fact: Phila.

City Passenger Ry. Co. *v.* Henrice, 92 Pa. 431; Fanning, Admin'x, *v.* The Equitable Life Assur. Society, 264 Pa. 333, 336; Buck *v.* Quaker City Cab Co., 75 Pa. Superior Ct. 440, 443.

The report of the master is disapproved and the libel is dismissed.