## Fonzone, Appellant, *v.* Lehigh Valley Transit Company.

Argued April 25, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY and DREW, JJ.

*Julius Rapoport,* of *Groman & Rapoport,* for appellant.

*Henry L. Snyder,* of *Snyder, Wert & Wilcox,* for appellee.

OPINION BY MR. JUSTICE MAXEY, May 13, 1935:

Plaintiff brought an action in trespass to recover damages for the death of her husband, whose body was, on March 5, 1934, struck by one of defendant's street cars. The negligence charged was that defendant failed to stop its car when its motorman saw plaintiff's body on the track and that the car was operated in a reckless manner, and ran into the body despite the fact that defendant's car was a sufficient distance away to have been brought to a stop before striking it. The case was tried before a jury and a verdict returned for the plaintiff in the sum of $4,677. A rule was entered for judgment n. o. v., and the rule was made absolute. Plaintiff appealed.

The weakness of plaintiff's case arises from the fact that there was no proof that her husband was alive just before the street car came in contact with him or his body. About fifteen minutes before he was observed to be lying on defendant's tracks, was the last time he was seen alive. He was then on the sidewalk in the company of two men near the point where his body later was found. When the street car struck him, his body was lying across the tracks and exhibited no signs of life. What caused him to be upon the rails has never been disclosed. As to whether he was killed (accidentally or otherwise) somewhere else and his body placed upon the tracks, or whether he was seized by an illness and fell upon the tracks, there is only conjecture. Appellant claims that she is entitled to the presumption that her husband was alive just before being struck by the street car. There is no such presump-

tion to avail her in this case. Here the burden of proof, as in all civil cases, was upon the plaintiff. She was obliged to prove every essential averment of her statement of claim, one of which was that as a result of the street car striking her husband dragging his body a distance of 150 feet he met death. Plaintiff cannot be relieved of the burden of proof she assumed by invoking any presumption. We said in Watkins v. Prudential Ins. Co., 315 Pa. 497, 504, 173 A. 644: "Presumptions are not fact suppliers; they are guide-posts indicating whence proof must come." We there said further: "Causes of action are always set forth affirmatively and if they are to prevail they must be supported either (1) by facts tending to prove directly the cause of action pleaded or (2) by legitimate inferences from circumstances which have met the tests of admissibility. Mere guesses and conjectures cannot be substituted for legal proof."

In the case at bar there is not a particle of direct evidence that the plaintiff's husband was alive when his body was seen lying on the tracks. There are no attendant circumstances from which it could be inferred that he was alive just before the street car struck him. When a person reaches crossroads and possesses no knowledge as to which road will take him to his destination, and there are no facts or circumstances at hand from which he can draw inferences as to which is the proper road, his choice of the roads open to him rests entirely upon conjecture or guess. Likewise, in the present case, the answer to the question: was the plaintiff's husband killed by the street car or was he already dead when the street car struck him, rests entirely upon conjecture or guess. In Cain et al. v. Booth & Flinn, Ltd., 294 Pa. 334, 144 A. 286, this court cited with approval from Erbe v. P. R. T. Co., 256 Pa. 567, 570, 100 A. 966, the following: ". . . 'The burden was on plaintiff to show that defendant's negligent act was the sole and proximate cause of the death of his wife, to the exclusion of other causes. To show a state of facts from which it appears the injury may have been due

to one or more causes is not sufficient.' In Flanigan v. McLean, 267 Pa. 553, 110 A. 370, this court held that where defendant is responsible for only one of two or more causes, and it is equally probable that the accident may have resulted from either, there can be no recovery. In Mars v. P. R. T. Co., 303 Pa. 80, 154 A. 290, upon which appellant chiefly relies, the record showed that it was "not 'equally probable' that the death of plaintiff's decedent happened from two or more causes." We there said: "The evidence is that just before the street car struck him [the deceased] he was slightly moving and was 'right up on his elbow—trying to get up.' This was the act of a conscious being. Something apparently had happened to him just before the street car struck him. . . . But his consciousness and his attempt to rise just before the street car came upon him indicates that he was not at that time injured fatally. If he had a head injury at that time sufficient to cause his death a few moments later, he would have been unconscious and helpless. While he was conscious and attempting to get up, the street car hit him and pushed him along under the car a distance of 23 feet. . . . When Mars was taken from under the car 'he never made a move or a struggle of any kind.' . . . A short time later, he was pronounced dead." That case differs essentially from the one at bar, for there plaintiff presented sufficient evidence to support the jury's inference that the death of plaintiff's decedent was caused by the negligent operation of defendant's street car. In the instant case such an inference is without factual basis.

It is not necessary to discuss the question of defendant's negligence, for plaintiff's case failed in proof on another vital point, to wit, that the death of deceased was caused by the operation of defendant's car, whether that operation was negligent or otherwise. See Stringert v. Ross Twp., 179 Pa. 614, 36 A. 345, and Reddington v. Phila., 253 Pa. 390, 98 A. 601.

The judgment is affirmed.