## Walters v. Federal Life Insurance Company, Appellant.

Argued January 6, 1936. Before KEPHART, C. J., SCHAFFER, DREW, LINN and BARNES, JJ.

*Henry S. Ambler,* with him *Frank R. Ambler* and *Harry S. Ambler, Jr.,* for appellant.

*F. Raymond Heuges,* with him *Henry D. O'Connor,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 23, 1936:

In this suit brought to recover on a policy of accident insurance the verdict of the jury was for the defendant. The court below granted a new trial and the defendant appealed.

The policy is an unusual one. The premium paid on it was one dollar. The amount of the insurance is $3,000. As might be expected under these circumstances, the right of recovery is strictly limited by the policy's terms.

The clause to be considered reads thus: "The company will pay for loss of life . . . sustained by the wrecking or disablement of any vehicle or car operated by any private carrier or private person in which the insured is riding or by being accidentally thrown therefrom." The point to be determined is whether the evidence established that the insured came to his death by being

thrown from an automobile. The jury decided that he had not.

We think the verdict was right beyond peradventure. Indeed the case should not have been submitted to the jury. The trial judge should have given binding instructions for defendant as he was requested to do.

The insured was riding with two companions in an automobile of the sedan type along a smooth level road. He was seated on the rear seat, they on the front one. Just before the occurrence which brings about this action, the insured was leaning forward from his position on the rear seat so that he could talk to his companions. The automobile was moving at a speed between 30 and 40 miles an hour. It was a cold day with a high wind blowing. The car was proceeding into the wind. There had been no sudden jerk of the car, which was running smoothly. The road was straight and without holes and there were no water bars. The insured weighed about 120 pounds. No one had spoken for a moment or two, and the driver testified he thought he heard an exclamation "whoa" or "wait." He looked up into the rear view mirror and did not see the insured. Turning around he noticed that the right rear door was open and the insured was not in the car. He stopped the automobile, he and his companion alighted and saw the insured lying 100 to 150 feet to the rear about 8 to 10 feet beyond the edge of the road.

There was nothing in the evidence indicating that the deceased was *thrown* from the automobile. He may have jumped out for all that appears. The vital matter of his disappearance from the car is left in the realm of conjecture, not placed in that of fact, and recovery cannot be based upon conjecture.

Appellant, who agrees that to recover it must be shown that the deceased was thrown from the car, argues that the inference may be legally drawn that the pressure of the air against the door of the car threw the insured from the moving vehicle. The difficulty in draw-

ing this inference is that there is no demonstrated fact to rest it upon. It rests solely upon assumptions; determinations in litigation so reached cannot be sustained: Buck v. Quaker City Cab Co., 75 Pa. Superior Ct. 440 (LINN, J.); Phila. City Passenger Ry. Co. v. Henrice, 92 Pa. 431; Welsh v. Erie & Wyoming Valley R. R. Co., 181 Pa. 461; 10 R. C. L. 868; Watkins v. Prudential Ins. Co., 315 Pa. 497; Fonzone v. Lehigh Valley Transit Co., 318 Pa. 514.

The court granted the new trial because "the trial judge believed that he did not adequately present to the jury, in his charge, the possible effects of the forward movement of the car in respect to the equilibrium of a passenger who, without negligence, may have had no adequate hold upon the seat or side of the vehicle, or who may have become suddenly ill or may have been seized with a coughing or sneezing spell" and "considering the probabilities, particularly as to the effect of momentum, or the forward thrust, of a fast moving automobile, the verdict was against the weight of the evidence." The difficulty about this is that the evidence had no weight so far as tipping the scale in favor of recovery is concerned. The marker on the bar of the scale was at zero. There was no evidence as to the effect of the forward thrust or movement of a car on the equilibrium of a passenger, nor did any one say that the insured had no adequate hold upon the seat or side of the vehicle, or that he had become suddenly ill or had been seized with a coughing or sneezing spell. These are merely surmises—imaginary happenings. A new trial should not be awarded on such grounds.

It is true we do not as a general thing reverse where a new trial is granted, but where it is clear, as a matter of law, that the verdict rendered was correct on the proofs submitted, then we do, and ought to reverse, because the court, in awarding the new trial, has committed an error of law: Petkov v. Metropolitan Life Ins. Co., 321 Pa. 14; Danboro & Plumsteadville Turnpike Road Co. v.

Bucks Co., 258 Pa. 391. In Vilsack v. Wilson, 269 Pa. 77, 82, we said: "The granting of a new trial is properly subject to review when based upon an error of law."

In Fornelli v. P. R. R. Co., 309 Pa. 365, the situation was similar to that in the present case. The court refused a point for binding instructions for defendant and submitted the controversy to the jury. The jury found in defendant's favor and the court granted a new trial. Speaking through Mr. Justice DREW, we said (page 369): "Under the circumstances, it was the duty of the trial court to grant defendant's motion for binding instructions, and it was error to refuse to do so. There should have been no submission of the case. The jury, in returning a verdict for defendant, in effect cured the error of the trial court, but this error was subsequently repeated by the action of the court in banc in granting a new trial. . . . The reason given for the granting of the new trial was that the charge was inadequate, but that is of no moment, even if true, because there should have been no charge, and would have been none if the trial court had not erred in refusing the motion for binding instructions. The facts and the law of the case were fixed; they showed no liability on the part of defendant, and on them the court should not have done otherwise than direct a verdict for defendant. In ordering a new trial under these circumstances, the court below was guilty of a clear and palpable error of law. Its action was controlled by a point of law, the decision of which governed the case, to the exclusion of other considerations, and required the direction of a verdict for defendant. Under such circumstances an order granting a new trial will be reversed: see Class & Nachod Brewing Co. v. Giacobella, 277 Pa. 530."

The order granting a new trial is reversed and set aside and judgment is entered on the verdict in favor of defendant.