# Flanigan, Appellant, *v.* McLean.

*Negligence—Automobile accident—Injury to pedestrian—Evidence—Cause of accident—Conjecture—Proximate cause—Two or more causes—Presumption—Burden of proof.*

1. A nonsuit was properly entered in an action to recover damages for injuries to a pedestrian where the only evidence of the accident was that of a witness who was standing 175 feet away and who testified he saw the truck approaching at a speed of about 20 miles an hour, that no other vehicle was in sight, that as the truck turned around a corner he saw plaintiff rolling in the street about five feet from the rear end of the truck which stopped in about twenty feet and later took plaintiff to a hospital and that the witness did not hear a horn blow, nor see the plaintiff until after the accident, and saw no contact between him and the truck, but inferred that he was struck by the back part of the truck.

2. There was no evidence that speed or lack of signals was the proximate cause of the accident.

3. The mere fact that an automobile comes in contact with a pedestrian, or with another vehicle, raises no presumption of negligence of the chauffeur. That would be a mere guess.

4. Where defendant is responsible for only one of two or more causes, and it is equally probable that the accident may have resulted from either, there can be no recovery.

*Practice Act of May 14, 1915, P. L. 483—Affidavit of defense—Trespass—Admission by failure to file affidavit of defense.*

5. Defendant by failing to file an affidavit of defense in an action of trespass does not admit an averment in plaintiff's statement that defendant's truck came in contact with plaintiff, and the burden is still on plaintiff to prove that averment.

6. Under sections 6 and 13 of the Practice Act of May 14, 1915, P. L. 483, the legislative intent was, in actions of trespass, in the absence of contradiction by affidavit of defense, to dispense with proof of certain formal averments as to the instrumentality or agency of the person involved in the occurrence and charged with responsibility therefor, but not to relieve plaintiff from proving the vital averments of his declaration as to injury, negligence, damages, etc., or to require defendant to specially plead substantial defenses, like its own lack of negligence or the contributory negligence of plaintiff.

Argued April 27, 1920. Appeal, No. 281, Jan. T., 1920, by plaintiff, from order of C. P. No. 3, Phila. Co., Dec. T., 1917, No. 1405, refusing to take off compulsory nonsuit in case of Charles Flanigan v. William L. McLean, individually, and trading as the Evening Bulletin, publisher and owner thereof, also trading as the Bulletin and the Bulletin Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries alleged to have been sustained by being struck by defendant's autotruck. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit, quoting record.

*Frederick J. Shoyer,* with him *Henry Arronson,* for appellant.—A plaintiff left by his injuries unconscious and having no knowledge of the accident is entitled to a certain presumption in his favor which is that in the

absence of evidence to the contrary he exercised due care: Stotler v. R. R., 200 Mo. 107, 98 S. W. 509.

At crossings, all drivers, particularly of motor vehicles, must be highly vigilant and maintain such control that, on the shortest possible notice, they can stop their cars so as to prevent danger to pedestrians: Banks v. Shoemaker, 260 Pa. 280; Kerk v. Peters, 261 Pa. 279; Lamont v. Adams Express Co., 264 Pa. 17.

The auto was going at excessive speed: Anderson v. Wood, 264 Pa. 98.

*W. W. Smithers,* for appellee.—A high rate of speed is not alone sufficient to establish negligence when a collision occurs because of some unexpected act of another: Eastburn v. Express Co., 225 Pa. 33.

A presumption favorable to plaintiff does not constitute a presumption against defendant: Allen v. Kingston Coal Co., 212 Pa. 54.

Here there was no act of negligence shown as the cause of plaintiff's injury; even excessive speed or lack of horn might well have existed and yet something would have been lacking: Alexander v. Penna. Water Co., 201 Pa. 252; Sowers v. McManus, 214 Pa. 244; Ellett v. Lit Bros., 264 Pa. 185.

OPINION BY MR. JUSTICE WALLING, May 17, 1920:

On the afternoon of October 20, 1917, plaintiff was injured near the northwest corner of Broad street and Windrim avenue, Philadelphia, as the result, he avers, of being struck by one of defendant's autotrucks. Plaintiff was not mentally able to testify at the trial and only one witness, a Mr. Stauffer, was called to prove the accident. He was standing about 175 feet south of the corner on the east side of Broad street, and saw the truck coming south near the west curb of that street and about 200 feet north of the corner. He estimates its speed at about 20 miles an hour, and says there was no other vehicle in sight, and, as the truck turned west around

the corner into Windrim avenue, he saw plaintiff rolling in the street about five feet from the rear end of the truck, which stopped in about 20 feet and later took plaintiff to the hospital. The witness did not hear a horn blown, nor see plaintiff until after the accident, and saw no contact between him and the truck, but infers he was struck by the back part of the latter. This appeal by plaintiff is from an order of the court below overruling his motion to take off a judgment of compulsory nonsuit.

Plaintiff was unfortunate because of his inability to testify, but, on the evidence submitted, the nonsuit was properly granted. The mere fact that an automobile comes in contact with a pedestrian, or with another vehicle, raises no presumption of negligence against the chauffeur: Presser et al. v. Dougherty, 239 Pa. 312; see also Allen v. Kingston Coal Co., 212 Pa. 54.

The truck was on a broad open street, free from obstructions, and in the suburbs; nothing appears to suggest that the rate of speed was unlawful or negligent. The statute then fixed the maximum rate of 24 miles an hour (sec. 14, Act of July 7, 1913, P. L. 672, 680) and now at 30 (sec. 19, Act of June 30, 1919, P. L. 678, 689). Of course even a less rate may be negligent, depending on conditions, but the evidence here discloses nothing to suggest danger or even to show the approximate speed of the truck at the corner where the accident happened. The truck was stopped in twenty feet and a lack of proper control is not shown; and the fact that a witness some distance away did not hear the horn signifies nothing. He does not say he was listening for signals or that the horn was not blown. True, the affirmative testimony of one witness as to lack of signals may take a case to the jury, but there is no such testimony here. Moreover, there is nothing to indicate that speed or lack of signals had anything to do with the accident: see Eastburn v. United States Exp. Co., 225 Pa. 33. In fact, it does not appear how plaintiff came to be in the street, which way

he was going, whether the truck ran against him or he against it, or neither; and whether he was attempting to cross the street or to get off the truck, or fell from it, is all matter of conjecture. Both he and the chauffeur are presumed free from negligence, neither can be charged therewith merely because of the accident, and plaintiff's case fails because he shows no specific act of negligence that caused his injury: Stern v. Reading, 255 Pa. 96; Reddington v. Phila., 253 Pa. 390; Smith v. Phila. & Reading Ry. Co., 232 Pa. 323; Welsh v. E. & W. V. R. R., 181 Pa. 461.

Where a defendant is responsible only for one of two or more causes, and it is equally probable that the accident may have resulted from either there can be no recovery: Alexander v. Penna. Water Co., 201 Pa. 252. As no one saw plaintiff before the accident, so far as shown by this record, it is just as probable that he was riding on the rear end of the truck and was thrown therefrom, when it turned the corner, as that he was struck while attempting to cross the street, in fact more probable as he was not seen to fall in front of the truck but rolling behind it. Viewing the evidence, as we must, in the light most favorable to plaintiff, still it fails to sustain his case (Virgilio v. Walker & Brehm, 254 Pa. 241), for there is nothing upon which to base a verdict except conjecture, and that is not sufficient.

No affidavit of defense was filed as provided by sections 6 and 13 of the Practice Act of May 14, 1915, P. L. 483, the latter of which is, "In actions of trespass the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section six; the averments of the other facts on which the plaintiff relies to establish liability, and averments relating to damages claimed, or their amount, need not be answered or de-

nied, but shall be deemed to be put in issue in all cases unless expressly admitted." Appellant contends that, by the omission to file an affidavit of defense, defendants admit the averment in plaintiff's statement that their truck came in contact with the latter. We cannot adopt this contention. Doubtless the legislative intent was, in the absence of contradiction by affidavit of defense, to dispense with proof of certain formal averments as to the instrumentality, or agency of the person, involved in the occurrence and charged with responsibility therefor—not to relieve a plaintiff from proving the vital averments of his declaration as to injury, negligence, damages, etc., or to require defendant to specially plead substantial defenses, like its own lack of negligence or the contributory negligence of plaintiff. For example, the failure to file an affidavit of defense in the present case constitutes an admission by defendants that the instrumentality charged with the accident was their truck, doing their business and in charge of their chauffeur; but the burden is still upon plaintiff to prove the accident and other facts necessary to support his case. In like manner, a defendant's admission of ownership of a building would not enable a plaintiff to recover damages for falling therefrom without proof of the fall; nor would a carrier's admission that he owned the car enable a passenger to recover without proof of an accident. Here the accident is the alleged collision, which is not established by defendants' admission of ownership and control of the truck; hence, the lack of proof that it came in contact with plaintiff is another reason why his case fails.

The order refusing to take off the judgment of nonsuit is affirmed.