# Leglar, Appellant, *v.* Pittsburgh, Chicago, Cincinnati & St. Louis R. R. Co.

*Negligence—Railroads—Death—Evidence—Res ipsa loquitur— Happening of accident—Nonsuit—Failure to file affidavit of defense—Duty of plaintiff—Proximate cause.*

1. In an action for death, where it appears decedent's body was found on or alongside of a railroad track several hundred feet from a station platform, and there is no evidence that he had been a passenger, or that he had been seen in or about the station on the day of the accident, the mere happening of the accident is not evidence of negligence on the part of the railroad company.

2. In such case, defendant's failure to file an affidavit of defense, does not relieve plaintiff from proving the vital elements of her declaration as to the happening of the accident and defendant's negligence, and that such negligence was the proximate cause of the death.

Argued October 5, 1925. Appeal, No. 16, March T., 1925, by plaintiff, from order of C. P. Washington Co., May T., 1923, No. 86, refusing to take off nonsuit, in case of Laura Leglar v. P., C., C. & St. L. R. R. Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before CUMMINS, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was, inter alia, order, referring to record.

*Vernon Hazzard,* for appellant.—The law presumes that a traveller on a highway leading to a railroad track crossing is lawfully on the track for the purpose of crossing it: Longenecker v. R. R., 105 Pa. 328; P. R. R. v. Weber, 76 Pa. 157; Lee v. R. R., 246 Pa. 566.

*R. S. Marriner,* of *Wiley, Marriner & Wiley,* for appellees.—There is no testimony as to whether Leglar was ever struck by a train, nor as to where he alighted from a train, or that he was ever on a train: Unger v. R. R., 217 Pa. 106.

PER CURIAM, November 23, 1925:

Plaintiff sued to recover damages for the death of her husband whose body was found at 11 o'clock P. M. March 17, 1922, on or near the westbound track of defendant company some considerable distance east of its Smithfield Street station in the City of Pittsburgh. The court below entered a nonsuit, which it subsequently refused to take off. Plaintiff's contention was that deceased took passage at Steubenville for Pittsburgh on one of defendant company's trains, and on alighting from the train at the Smithfield Street station and, while passing from the eastbound track across the westbound track to the street entrance, was struck by a westbound train. A careful reading of the evidence fails to show that deceased was a passenger on an eastbound train of defendant company at the time of the accident and had alighted at the station named, nor was he seen in or about either the station or the station platform on the day of the accident. On the contrary, the body of deceased was found on or alongside the tracks several hundred feet east of the place where passengers are received and discharged from all trains. The happening of the accident is not evidence of negligence on the part of defendant. Deceased, if a passenger, may have jumped from the moving train or have fallen from it in passing from one car to another or he may not have been a passenger on any train but wandered onto the tracks from the street. Plaintiff's contention as to the manner of her husband's death was entirely a matter of conjecture and is unsupported by evidence from which negligence on the part of defendant company can be inferred. The evidence merely shows an accident resulting in the

death of plaintiff's husband, nothing further, and that is not sufficient to charge defendant with negligence.

Defendant's failure to file an affidavit of defense did not relieve plaintiff from proving the vital averments of her declaration as to the happening of the accident and defendant's negligence, and that such negligence was the proximate cause of her husband's death: Flanigan v. McLean, 267 Pa. 553. The court committed no error in refusing to admit the hearsay testimony of the mother of deceased, the time of arrival of passenger trains at the Smithfield Street station or to postpone further hearing of the case until the following day.

Judgment affirmed.