Gavin et al. *v.* The Bell Telephone Company of Pennsylvania, Appellant.

*Negligence—Presumption of negligence—Collision between truck and pedestrian.*

In an action of trespass to recover damages for personal injuries to plaintiff, a child of five years, judgment for the plaintiff will be reversed, where it appeared that the child was found lying in the street immediately in the rear of defendant's truck, and there was

no evidence to show whether the truck struck the plaintiff, or whether she ran into the truck.

A mere collision between an automobile and a pedestrian neither proves negligence nor raises a presumption of negligence. There establish liability.
must be other evidence leading up to the fact of the accident to

Argued October 7, 1925. Appeals Nos. 32 and 33, October T., 1925, by defendant, on judgments of C. P. No. 1, Philadelphia County, September T., 1923, No. 2026, in the case of Cecelia Gavin, by her father and next friend, Ralph Gavin and Ralph Gavin in his own right, v. The Bell Telephone Company of Pennsylvania. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before McDEVITT, J.

The facts are stated in the opinion of the Superior Court.

Verdicts for plaintiffs in the sum of $2000 for the minor plaintiff and $500 for the father plaintiff and judgments thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment n. o. v.

*Benjamin O. Frick,* for appellant.

*William Nicholas,* and with him *Nochem S. Winnet,* for appellee.

OPINION BY TREXLER, J., February 26, 1926:

Mary, age ten, her sister, age six and her cousin Cecelia, age five, the last being the person injured, were coming out of the playground, situated on the north side of Christian Street. There were no other children coming out at the same moment. The two older chil-

dren proceeded across the street, the youngest had stopped inside of the gate to fix her stocking. When Mary was crossing the street she saw the defendant's truck turning the corner and come east on Christian Street, about 270 feet away. When she reached the opposite curb, she heard someone "holler" and turning saw Cecelia lying behind the truck, or as she said, "The auto was all the way over Celia." We find from testimony of another witness that the child was lying in the street immediately in the rear of the truck. There was no eye witness to the occurrence. Whether the truck struck the little girl, or whether she ran into it, or how the accident happened does not appear. When she was leaving the playground she was running. There was positive testimony by plaintiff's witnesses that the driver blew his horn at Allison Street, which is 80 feet away. It is true, Mary said he did not blow a horn, but her testimony was a conclusion in that she stated; "There was not another automobile coming so he did not blow his horn." There was evidence that the driver was going fast, but there was nothing to show excessive speed. The truck stopped just beyond the point where the child lay in the street, therefore, no inference of speed could be drawn from the position of the truck immediately after the accident. See Patton v. Grange et al., 284 Pa. 342.

From these facts we do not see how any negligence is proven, or that any legitimate inference to that effect can be drawn. The mere happening of the accident does not prove it. As we have said before, we do not know how the accident occurred. While it is true that a driver is charged with special caution in the vicinity of a schoolhouse or playground, it does not follow that every accident that occurs in such locality is prima facie, due to negligent driving. There are no circumstances detailed that could inform anyone whether with the exercise of proper care the driver

could have seen the child and turned aside or halted in time to avoid the accident. We may not guess as to how the accident happened. It is true that the little child could not be guilty of contributory negligence, but the basis of recovery must be found in the lack of duty of the defendant and we repeat what was said by Justice Kephart, McAvoy v. Kromer, 277 Pa. 196 (1923). "Plaintiff's statement charges defendant with operating a car at an 'excessive, illegal and improper rate of speed,' and with 'negligently and recklessly operating it without due regard for the safety of pedestrians and without being under due control.' The evidence does not sustain these charges, and, to affirm appellee's case, we must hold that a mere collision between an automobile and a pedestrian or vehicle proves negligence; this it does not do: King vs. Brillhart, 271 Pa., 301, 304; Flanigan vs. McLean, 267 Pa., 553, 556. Nor does it raise a presumption of negligence. To so hold would establish a doctrine of res ipsa loquitur as to such accidents: Flanigan v. McLean, supra. There must be other evidence leading up to the fact of accident on which culpableness may be based. 'In order to maintain the verdict the plaintiffs are bound to point to evidence which would justify men of ordinary reason and fairness in saying that the defendant's driver, if he had exercised ordinary care, could have avoided this accident; Eastburn v. United States Express Co., 225 Pa. 33, 38, 39; Flanigan v. McLean, supra."

The assignments of error are sustained. The judgments are reversed and are now entered in favor of the defendant.