# Wiser, Appellant, *v.* Parkway Baking Co.

*Negligence—Automobile—Pedestrian—Presumption of negligence by speed and other circumstances—Near crossing—Care.*

1. No presumption of negligence is raised by the mere fact that a pedestrian is struck by an automobile in a public street.

2. The fact that an automobile ran its length and about twelve feet further after a collision with a pedestrian, is insufficient to establish undue speed.

3. The mere fact that the wheels on one side of an automobile when it stopped were on a sidewalk, does not prove that a collision with a pedestrian occurred on the sidewalk.

4. Where a collision between a pedestrian and an automobile occurred thirty-five feet from a crossing, the rule requiring extreme care at a public crossing does not apply.

5. Where a collision between an automobile and a pedestrian occurs before daylight, or at least in the early dawn, and there is no proof that the driver of the automobile saw or could have seen the pedestrian in time to avoid the accident, an exclamation by the driver, "My God I have struck a man," does not tend to show negligence.

*Trial—Evidence—Recall of witness—Discretion of court.*

6. Courts should be liberal in permitting the recall of a witness to correct mistakes or oversights in the testimony but it is not necessary to permit the recall of a witness that he may stultify himself by contradicting his own deliberate testimony previously given.

7. Much depends on the manner of the witness and the atmosphere of the trial, which the trial judge can best determine in the exercise of his discretion.

Argued April 20, 1927.  Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 222, Jan. T., 1927, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1925, No. 14382, refusing to take off nonsuit, in case of Elizabeth Wiser v. Parkway Baking Co.  Affirmed.

Trespass for death of plaintiff's husband.  Before BARTLETT, P. J.

The opinion of the Supreme Court states the facts. Nonsuit; refusal to take off.  Plaintiff appealed.

*Error assigned,* inter alia, was refusal to take off nonsuit, quoting record.

*Ward C. Henry,* for appellant.—Negligence may be established by circumstantial evidence: Biesecker v. R. R., 276 Pa. 87; Morris v. Electric Co., 278 Pa. 361; King v. Darlington B. & M. Co., 284 Pa. 277; Ryan v. Granite Co., 266 Pa. 105.

The fact that the man who was struck by the automobile of defendant is dead entitles plaintiff to the presumption that he was using due care at the time when he was run down: Williams v. Electric Co., 267 Pa. 158; Bowser v. L., H. & P. Co., 267 Pa. 483, 488; Nadazny v. Ry., 266 Pa. 305; Schmidt v. Ry. 244 Pa. 205; Anderson v. Wood, 264 Pa. 98; Maurer v. Rogers, 250 Pa. 447.

It is evidence of negligence for a driver of an automobile to turn suddenly without warning from one street into another and strike a pedestrian: Maharius v. Morris, 272 Pa. 587; Willinsky v. Fulton, 79 Pa. Superior Ct. 144; May v. Allison, 30 Pa. Superior Ct. 50; McGettigan v. Auto Co., 48 Pa. Superior Ct. 602; Ford v. Piano Co., 71 Pa. Superior Ct. 380.

*Louis Wagner,* with him *Richard A. Smith* and *Wilbur F. Whittle,* for appellee.—The presumption favor-

ing the innocence of the deceased, is not evidence of neglect by defendant: Durning v. Hyman, 286 Pa. 376; Nichol v. Telephone Co., 266 Pa. 463; Phila & R. Ry. v. Hummell, 44 Pa. 375; Allen v. Coal Co., 212 Pa. 54.

OPINION BY MR. JUSTICE WALLING, May 9, 1927:

On January 20, 1926, William Wiser, while on a street known as Bonaffon Terrace, Philadelphia, was struck and killed by defendant's auto truck. On the trial of this action of trespass brought by his widow, charging negligence, the trial judge granted a compulsory nonsuit, and, from the refusal to take it off, plaintiff brought this appeal.

The record discloses no cause for reversal. The burden was on plaintiff to prove negligence, as no presumption thereof is raised by the mere fact that a pedestrian is struck by an automobile in a public street: McAvoy v. Kromer et al., 277 Pa. 196; Flanigan v. McLean, 267 Pa. 553. True, negligence may be inferred from circumstances as appears by the following and other cases: Durning et al. v. Hyman, 286 Pa. 376; King et ux. v. Darlington B. & M. Co., 284 Pa. 277; Morrison v. Jefferson Electric Co., 278 Pa. 361; Ryan v. Woodbury Granite Co., 266 Pa. 105; Flucker v. Carnegie Steel Co., 263 Pa. 113; Dannals v. Sylvania Twp., 255 Pa. 156; Ferry v. Philadelphia R. T. Co., 232 Pa. 403. But here, aside from the accident, there are no circumstances pointing in that direction. As the collision occurred some thirty-five feet south of Woodland Avenue, the rule requiring extreme care at public crossings (Willinsky v. Fulton (No. 1), 79 Pa. Superior Ct. 144) is not applicable. Undue speed was charged but there was no evidence thereof, except the insufficient fact that the truck ran its length and about twelve feet after the accident. There was neither allegation nor proof that Wiser was on the sidewalk when struck. That his feet lay in the cartway while his body was on the walk might possibly seem to suggest the contrary. The fact

that the wheels on one side of the truck when it stopped were on the sidewalk does not prove the accident occurred there. The force of the collision may have turned the truck out of its course, or the driver may have voluntarily placed it there to leave more room for traffic in the narrow (twenty feet wide) cartway, while he returned, as in fact he did, to assist Wiser.

The driver's exclamation, "My God, I have struck a man," while indicating the cause of the injury, did not tend to show negligence. The accident happened before daylight, or at least in the early dawn, and it does not appear the driver saw or could have seen Wiser in time to avoid it. While the driver may have been at fault, the proof fails to disclose any act of negligence such as is necessary to fix liability for the unfortunate accident. "A jury cannot be permitted to find anything negligent which is less than the failure to perform a legal duty": from opinion of Mr. Justice KEPHART, in Bardis v. Phila. & Reading Ry., 267 Pa. 352, 355. Recovery cannot be allowed on mere proof of an accident: Alexander v. Water Co., 201 Pa. 252; Gavin et al. v. Bell Tel. Co., 87 Pa. Superior Ct. 276.

Harry L. Smith, a witness for plaintiff, fully examined, and cross-examined, had testified specifically that his attention was first called to the occurrence by hearing the bump and that he could not say he saw the accident. After other witnesses had been examined and after recess plaintiff's counsel in effect offered to show by Smith, in contradiction of his former testimony, that he saw the accident and how it occurred. The trial judge in sustaining the objection made thereto acted within his discretion. Courts are and in general should be liberal in permitting the recall of witnesses to correct mistakes or oversights in the testimony, but it is not necessary to permit the recall of a witness that he may stultify himself by contradicting his own deliberate testimony. Much depends on the manner of the witness and the atmosphere of the trial, which the presiding

judge can best determine. The trial court may confine his reëxamination to new matter developed by the cross-examination: Stern v. Stanton, 184 Pa. 468; Com. v. Campbell, 31 Pa. Superior Ct. 9; Henry's Pennsylvania Trial Evidence (2d ed.), section 488; and see Elzea v. Brown, 59 Pa. Superior Ct. 403.

The judgment is affirmed.