Hoffman v. Herman, Appellant.

Argued October 6, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Richard A. Smith* and with him *Louis Wagner* and *Thomas J. Clary,* for appellant.

*Henry N. Merritt* and with him *Robert F. Irwin, Jr.,* for appellee.

OPINION BY BALDRIGE, J., December 16, 1932:
The defendant, on December 31, 1929, at about 6:45

P. M., was driving a Ford roadster southward on Bustleton Pike, in the City of Philadelphia. He was on the right side of the highway and was proceeding at the rate of 20 or 25 miles an hour. A car was coming in the opposite direction, the lights of which blinded him. When his vision commenced to be affected by the glare, and when he was at a distance of about 125 to 150 feet from the oncoming car, he started to slow down. The defendant was called on cross-examination to establish plaintiff's case, and he testified, in part, as follows: "Q. How long were you driving after you noticed this glare was blinding you? A. I had driven I suppose about 100 feet. I had my gas off, slowing down. Q. And you were still moving for about 100 feet after you noticed the glare blinding you? A. Yes, just kept moving." When he was travelling at this reduced rate of speed, he hit Frederick Hoffman, husband of the plaintiff, who received fatal injuries. If he was travelling at 20 miles an hour, it would require about 3 seconds to go 100 feet. It appears that deceased was a man of good health and habits, and that it was his custom at about 7 o'clock in the evening to leave his place of employment and walk a short distance to his home. The plaintiff assumed that the deceased when he was hit was walking toward his home on the paved portion of the street. There is no direct evidence, however, to support that theory.

This action of trespass was brought, alleging the negligent operation of the automobile; that the defendant was operating his car at a high and dangerous rate of speed, without proper control and with inadequate brakes and lights; failure to give warning of his approach; and violation of the statutes of Pennsylvania and the ordinances of the City of Philadelphia. The case was submitted to the jury, verdict rendered for plaintiff. This appeal followed the dismissal of a motion for judgment for defendant n. o. v.

The plaintiff was required in good faith to show that the fatal injuries were the result of defendant's negligence. There were no eye-witnesses to the occurrence, but we concede that direct testimony was not essential if adequate proof was established by circumstantial evidence.

The defendant stated that owing to the lights of the approaching car he did not see the deceased; that after the impact he stopped his car within 10 or 12 feet. The Bustleton Pike at this point is 20 feet wide. Defendant's car at the time of the accident was about 7 or 8 feet to the right of the center line, with its right wheels within 2 or 3 feet of the edge of the road. The deceased fell on the gravel path at the side of the road where he was picked up by the defendant.

What was the defendant's negligence? He was proceeding at a moderate rate of speed; the lights of the car coming in the opposite direction affected his vision; he then reduced his speed; he remained on that portion of the highway where he had a right to be; there is no evidence of any defect in his lights or brakes, which contributed to the accident, or of a violation of any ordinance of Philadelphia or statute of Pennsylvania. The evidence is lacking to show whether the deceased had been walking on the macadam portion of the highway, or the direction he was going. He may have suddenly stepped or fallen in front of defendant's car. The manner in which the accident occurred is a matter of conjecture. The mere proof that an automobile came in contact with a pedestrian raises no presumption of negligence: Stern v. Reading, 255 Pa. 96, 99 A. 367; Erbe v. Phila. R. T., 256 Pa. 567, 100 A. 966; Wiser v. Parkway Baking Co., 289 Pa. 565, 137 A. 797.

In Erbe v. Phila. R. T., supra (p. 570), where there was no witness to the accident, which happened at night, Mr. Chief Justice Frazer said: "For all that ap-

pears in the evidence, deceased may have been seized with a sudden illness and fallen on the track immediately in front of the car; ........ or the accident may have resulted from other causes, for which the defendant could not be held responsible: Stringert v. Ross Twp., 179 Pa. 614. To submit the case to the jury upon testimony of the indefinite character presented here, is to permit them to find a fact without evidence to support such finding.'' In Flanigan v. McLean, 267 Pa. 553, 556, 110 A. 370, the court said: ''In fact, it does not appear how plaintiff came to be in the street, which way he was going, whether the truck ran against him or he against it, or neither; and whether he was attempting to cross the street or to get off the truck, or fell from it, is all matter of conjecture.'' Drivers are not to be held negligent as a matter of law when their only fault is failure to avoid a collision under conditions that may not be reasonably anticipated. Again, in Justice v. Weymann, 306 Pa. 88, 158 A. 873, a driver of an automobile collided with a policeman and the car stopped, as here, about 12 feet after the impact. The court held that in such circumstances there was no evidence of lack of control or excessive speed, and, as there was no proof of the driver's failure to perform his regular duty, there could be no recovery. In McAvoy v. Kromer et al., 277 Pa. 196, 120 A. 762, the court held that when there is no evidence of excessive speed or lack of control and nothing to show how the deceased happened to be in the roadway, in front of the defendant's car, or other circumstances that would make the defendant blamable, there can be no recovery. In the recent case of Farley v. Ventresco, 303 Pa. 441, 161 A. 534, the driver of the car was temporarily blinded by headlights of cars coming in the opposite direction so that he did not learn of the presence of an unlighted, parked crane in front of him until it was too late to stop. The court cited with approval

Frowd v. Marchbank, 154 Wash. 634, 640, 283 Pac. 467, which stated: "To say that it is negligence to drive past an automobile in such a situation [i. e. having blinding headlights] is practically to say that it is negligence to drive along the highway in the nighttime at all." In view of the multitude of automobiles that use our highways at night, it would be too rigid a rule to hold a driver liable for an accident if he does not stop when his vision is affected by approaching cars, provided, of course, he is otherwise free of negligence. Care should be demanded of drivers, but the impractical, the extraordinary, should not be required.

In the case of Wilhelm v. Sunbury & Selinsgrove Ry. Co., 281 Pa. 69, 126 A. 191, called to our attention, the facts are entirely dissimilar, as the traffic on the bridge, where the accident occurred, was congested on both sides of the trolley track. The motorman testified he did not see the team of horses driven by the plaintiff, coming in the opposite direction, until he was only 5 or 6 feet from them, owing to the blinding effect of the headlights of automobiles. The court held that there could be a recovery as there was failure to give plaintiff a reasonable opportunity to get his team off the tracks and that if the motorman had been attending to his duties, he could have stopped in time to avoid the collision. The court sustained a verdict in favor of plaintiff on the theory that the motorman was required to be more than ordinarily alert in view of the heavy traffic and extraordinary conditions that existed on the bridge. We held in Robinson v. Logan Twp., 90 Pa. Superior Ct. 139, that the court was correct in sustaining the verdict of the jury, finding the defendant guilty of negligence in driving off the road into the ditch when he was blinded by an approaching car, so that his car came in contact with branches, when there was sufficient roadway for him to pass the approaching car.

But, in the present case, defendant's car was handled in such a manner that it remained on the highway. The learned court below cites Reardon v. Smith, 298 Pa. 554, 558, 148 A. 860, 861. There, Mr. Chief Justice FRAZER points out: "In the case at present under review the successive stages of the accident, before and after the occurrence, are lifted, by proven facts, out of the domain of mere conjecture," which readily distinguishes it from the case at bar.

To permit a recovery, we must conclude that the defendant either saw this man, or should have seen him, and recklessly ran him down, which is not justified by the evidence; or hold that he should have stopped immediately when blinded, which, in our judgment, is not the law.

Judgment is reversed, and is now entered for the defendant.