Oland et al. *v.* Kohler, Appellant.

Argued October 4, 1933.

Before KELLER, CUNNING-HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*G. Levering Arnhold,* for appellant, cited: Gavin et al. v. The Bell Telephone Company of Penna., 87 Pa. Superior Ct. 276; McAvoy v. Kromer, 277 Pa. 196.

*Bernard J. Kelley,* and with him *Thomas J. Curtin,* for appellee.

OPINION BY PARKER, J., December 16, 1933:

This is an action in trespass brought to recover damages as a result of personal injuries to a minor by reason of his collision with a truck of defendant. Judgments were entered on verdicts of a jury for the minor

and his parents and thereupon the defendant appealed. The two appeals were argued at one time and will be disposed of in one opinion.

The defendant contends that he is entitled to judgment for the reasons that the identity of the truck was not established and that there was no evidence of negligence to submit to a jury. There is not any merit in the first contention. The record shows that at the opening of the case the following colloquy took place: "Mr. Kelly [Attorney for Plaintiff]: If your Honor please, no affidavit of defense having been filed— Mr. Arnhold [Attorney for Defendant]: Ownership and agency are admitted." In addition to this admission, it was shown by the testimony of two witnesses that it was the truck of the defendant engaged in the defendant's business which was involved in the accident.

The remaining question involved is whether there was any evidence of negligence on the part of the defendant. The verdicts of the jury have determined the disputed facts in favor of the plaintiffs, and we must therefore consider the evidence and inferences drawn therefrom in a light most favorable to them. With such rule in mind, we will refer to the facts. The minor, then eleven years of age, while roller skating on the cartway of Westmoreland Street near its intersection with Fox Street, in the city of Philadelphia, came in contact with a truck of defendant and was injured. Fox Street runs approximately north and south and Westmoreland Street runs northwest and southeast. The minor, who was near the corner of Fox and Hilton Streets, as he described it "just skating around," when defendant's truck came out of Hilton Street and turned north on Fox Street, took hold of the right back of the truck and was pulled to the summit of an incline in the street. When he arrived at the high point he let go his hold on the truck and moved north by his own power, passing the truck on the right when about one

hundred feet south of the intersection with Westmoreland Street. The boy slackened his speed when he came to the intersection, looked to see if there were any cars coming on Westmoreland Street, and as he saw none turned southeast on Westmoreland Street and had gone about sixteen feet from the intersection when he collided with the right front fender of the truck, and was whirled around and thrown under the back wheel. The truck followed the same general course as the boy. In turning the corner it was necessary to go around an acute angle, making a turn of about 140 degrees. There was no evidence from the plaintiffs as to the exact circumstances of the collision and the evidence of the defendant disclosed no negligence on the part of the driver. The pertinent portion of the boy's testimony with reference to the collision was as follows: "Q. —on Fox Street, until something hit you, you did not see the truck, did you? A. No. Q. You did not look back? A. No. Q. Are you sure the truck hit you? A. Yes. Q. Why? A. Several people told me that. Q. That is the only reason you know it? A. Yes. By the Court: Q. Didn't you feel the bump? Didn't you feel the knock? A. Yes. Q. Well, you say you only know it because people told you. A. I seen the truck when they were putting me in the automobile—see, I went to the hospital then. By Mr. Arnhold: Q. You were hit in the back by the truck? A. Yes. Q. Now, did you hear it? A. Why, yes, I heard the truck; I think I did. Q. You did not see what hit you at all, did you? A. No. I seen it when I was getting into the automobile that I was taken to the hospital in. Q. You saw the truck standing there when you were being put in the automobile? A. Yes. Q. You do not know that truck hit you, do you? A. I don't know. Q. You do not know that truck hit you, do you? A. Yes. Q. How do you know it? A. Well, my mother— Q. Ah, somebody told you? A. Yes.

Q. Of your own knowledge you don't know it hit you?
A. No."

There was not any evidence that the truck was driven at an unlawful speed, that it was not under the control of the operator, that it was not properly equipped, that the driver disobeyed any law or rule of the road or traffic regulation as charged in the statement of claim. In fact, the plaintiffs' own testimony showed that the truck was brought to a stop promptly, which would disprove any excessive speed. The sole complaint now urged by the plaintiffs is that the driver either saw or should have seen the boy and negligently or wilfully ran him down. The evidence does not support this allegation. We are left to mere conjecture so far as the evidence favorable to the plaintiff is concerned as to just how the accident occurred. The mere happening of the accident does not establish negligence. While the driver of a car must be alert and vigilant and is required to use special caution when he sees a minor playing in the street, it does not follow that because an accident occurs the driver is guilty of negligence. In the instant case we are unable to say whether, with the exercise of proper care, the driver should have anticipated the movements of the child and turned aside or brought his car to a stop so as to avoid the accident. We cannot say whether the boy suddenly changed his course or darted or fell against the truck. It is a matter of common knowledge that the movements of boys on roller skates on the public streets resemble the action of water spiders more than human beings, and while this calls for vigilance on the part of drivers of cars when they see such boys upon the streets, yet the cartways are primarily for the use of vehicles and their use cannot be abandoned to make a playground for roller skating. The plaintiff has failed to point to any act upon the part of the driver that would indicate that he did not use reasonable care to

avoid the accident. The charge of negligence here is based upon mere conjecture. As the boy said, he was "just skating around,"" and there is not any evidence that he was following a direct line. As we said in the case of Gavin v. Bell Telephone Co., 87 Pa. Superior Ct. 276, a case which involved an injury to a child by a truck: "In order to maintain the verdict the plaintiffs are bound to point to evidence which would justify men of ordinary reason and fairness in saying that the defendant's driver, if he had exercised ordinary care, could have avoided this accident."

The remarks of Mr. Justice KEPHART in the case of McAvoy v. Kromer, 277 Pa. 196, 120 A. 762, also involving an injury to a child, are applicable to the instant case. "Plaintiff's statement charges defendants with operating a car at an 'excessive, illegal and improper rate of speed,' and with 'negligently and recklessly operating it without due regard for the safety of pedestrians and without being under due control.' The evidence does not sustain these charges, and, to affirm appellee's case, we must hold that a mere collision between an automobile and a pedestrian or vehicle proves negligence; this it does not do: King v. Brillhart, 271 Pa. 301, 304; Flanigan v. McLean, 267 Pa. 553, 556. Nor does it raise a presumption of negligence. To so hold would establish the doctrine of res ipsa loquitur as to such accidents: Flanigan v. McLean, supra. There must be other evidence leading up to the fact of accident on which culpableness may be based. 'In order to maintain the verdict the plaintiffs are bound to point to evidence which would justify men of ordinary reason and fairness in saying that the defendant's driver, if he had exercised ordinary care, could have avoided this accident': Eastburn v. United States Express Co., 225 Pa. 33, 38, 39; Flanigan v. McLean, supra."

In this case, all of the testimony indicates that the

driver was going at a very moderate rate of speed. It would have been impossible for him to have turned the angle which he did in reverting from a northerly direction to a southeasterly direction without bringing his truck close to a stop, and the car was stopped almost instantly after the accident. The boy says that when he was struck he was spun around the right hand side of the car, and he was picked up behind the car. When we remember that he was on roller skates, it is easy to understand how he might have been whirled around and gone a considerable distance by skating into the side of the fender of the truck. The proofs in the case are devoid of any facts which show negligence or from which negligence may be inferred unless we rely upon mere conjecture.

The judgments of the lower court in both appeals are reversed and are here entered for the defendant.