## Antish, Appellant, v. Kopp.

Argued March 5, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Raymond Bialkowski,* of *Bialkowski & Bialkowski,* for appellant.

*Walter W. Harris,* of *O'Malley, Hill, Harris & Harris,* for appellee.

Per Curiam, April 15, 1935:

This was an action for damages for personal injuries suffered by the plaintiff, a pedestrian, when he was struck by an automobile owned and driven by the defendant. The accident occurred between 7:00 and 7:30 o'clock on a December evening, on Main Street, in the Borough of Taylor, where it is joined, but not crossed or intersected, by Chamber Street. Plaintiff, who lived in Taylor Borough, asked a passerby where Taylor was, and where he (plaintiff) was "supposed to go," or "where he should go," and was told, "straight ahead." He stood by an electric light pole at the corner of Main and Chamber Street for about five minutes, and then, apparently, walked into the side of an automobile, the headlights of which were fully lighted. Nobody saw the automobile hit the plaintiff. The plaintiff did not testify at the trial. The jury rendered a verdict in favor of the plaintiff. The court below entered judgment non obstante veredicto in favor of the defendant on two grounds: (1) That there was no sufficient proof of defendant's negligence; and (2) that the plaintiff was guilty of contributory negligence.

There is much to be said in favor of the first position taken by the court below. See Sajatovich v. Traction Bus Co., 314 Pa. 569, 172 A. 148; Justice v. Weymann, 306 Pa. 88, 158 A. 873; Wiser v. Parkway Baking Co., 289 Pa. 565, 137 A. 797. But we need not rule upon it, for we are satisfied that the learned court properly disposed of the case on the question of the plaintiff's contributory negligence.

We affirm the judgment on the following extract from the opinion of Judge Culver, specially presiding, entering judgment non obstante veredicto for the defendant: "If we dismiss all evidence unfavorable to plaintiff's contention, and accept his contention that he was not intoxicated at all, we then have the follow-

ing bearing upon his contributory negligence: A man in the full possession of his senses, after standing by a light pole at the corner of intersecting streets for five minutes, and where he has an unobstructed view of an approaching car for 1,200 feet, leaves his position of safety and walks into the side of a passing car which he saw, or should have seen had he looked. We are of opinion that one who deliberately walks into the side, or even into the pathway, of an approaching car which he could see for a distance of 1,200 feet, where there were no other cars traveling, and where there was nothing to interfere with his vision and nothing to mislead or deceive him, is guilty of contributory negligence. It is true that plaintiff's witness, John Reicha, gave his conclusion that the plaintiff was looking to see whether or not cars were coming while he was standing by the pole. This was only a conclusion. But if he was so looking, then he must have seen the oncoming car driven by defendant before he plunged into it."

Judgment affirmed.