## Logan, to use, *v.* Bethlehem City, Appellant.

8

Argued April 16, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Daniel L. McCarthy,* City Solicitor, for appellant.

*William B. Butz,* with him *Everett Kent,* for appellees.

OPINION BY MR. JUSTICE BARNES, October 5, 1936:

In this action of trespass, William D. Logan seeks to recover damages for injuries sustained by him as a result of being struck by a motorcycle operated by a police officer of the defendant city. The accident occurred as plaintiff, accompanied by Mrs. Lillian Cavey, attempted to cross Union Boulevard at its intersection with Eighth Avenue in the City of Bethlehem, on the evening of March 19, 1932. Union Boulevard is a main highway between Allentown and Bethlehem, running east and west, and at the point where plaintiff was crossing is 50 feet in width. At the trial the jury returned a verdict for the plaintiff. From the judgment subsequently en-

tered thereon the defendant city has appealed, assigning as error the overruling of its motions for judgment non obstante veredicto and for a new trial, together with certain portions of the charge of the learned trial judge.

The testimony as to how the accident happened is conflicting. Plaintiff and Mrs. Cavey testified that before attempting the crossing they looked up and down the Boulevard and saw no traffic approaching from the east, but they did perceive an automobile coming from the west. They started to cross and had reached the middle of the Boulevard when they paused to allow this westbound automobile to pass. Meanwhile, they testified, a line of cars coming from the opposite direction approached the point where they were standing in the street, and was almost behind them; as they stood in full view of these approaching vehicles something emerged from this line of cars and knocked them to the ground. They said they had only a moment's warning of a sudden noise, and did not know what had struck them until after the accident. As a result of the accident plaintiff's leg was broken.

According to the testimony of the police officer, he had started after a speeding automobile several blocks away and was following the object of his pursuit at a speed of about thirty-five miles an hour. He claimed that as he was proceeding a little to the right of the center line of the highway, plaintiff and Mrs. Cavey stepped directly into his path from in front of an automobile which he was about to pass. He swerved to the left in an effort to avert a collision, but was unable to avoid striking them a glancing blow with the sidecar of the motorcycle. The only other eyewitness who testified was a motorist who was following a short distance behind the police officer. He saw plaintiff and Mrs. Cavey for the first time as they were falling after the collision. He corroborated the police officer as to the latter's leftward swerve, but estimated the speed of the motorcycle at forty miles an hour.

We have recounted substantially all the testimony as to how the accident occurred. It is apparent that there was a conflict therein of such character as to require the submission of the case to the jury. As this is an appeal by the defendant from a refusal to enter judgment non obstante veredicto, the testimony must be read in the light most favorable to plaintiff. So viewed it cannot be said that the evidence was insufficient to support the verdict. Plaintiff's account, which the jury evidently believed, was that he was struck without warning by a motorcycle which came from behind him as he was standing near the center line of the street at a regular intersection. This was clearly sufficient to support a finding that the police officer was negligent, and that plaintiff was guiltless of any conduct which contributed to the happening of the accident. We have repeatedly stated that care at street crossings is the highest duty of motorists, and that at such places drivers must be vigilant to maintain such control that they can stop on the shortest possible notice of danger in order to avert a collision: *Johnson v. French*, 291 Pa. 437; *Byrne v. Schultz*, 306 Pa. 427; *Goodall v. Hess*, 315 Pa. 289; *Fearn v. Philadelphia*, 320 Pa. 156. Upon plaintiff's testimony it was clearly open to the jury to find that the operator of the motorcycle had not complied with this duty of care. That he was a police officer of a city did not relieve him of this obligation, or absolve the city from liability for his negligence in the course of duty: *Graff v. McKeesport*, 316 Pa. 263; *Healy v. Philadelphia*, 321 Pa. 488; see Section 619 of the Act of May 1, 1929, P. L. 905, 942, amended by Section 619 of the Act of June 22, 1931, P. L. 751, 769. The fifth assignment of error, based upon a denial of defendant's motion for judgment, is overruled.

The contention that a new trial should be granted rests upon certain alleged errors in the charge of the learned trial judge. Particularly is complaint made of the affirmance of plaintiff's fourth point for charge,

which reads as follows: "If the jury finds that the instrument causing the injury here complained of was under the management of the defendant or its agents, and the accident is such that under ordinary course of events would not happen if the operator of the motorcycle had used proper care, it affords reasonable evidence in the absence of satisfactory explanation by the defendant that the accident arose from the want of care." In consequence of this instruction, the trial judge permitted the jury to presume negligence on the part of the police officer operating the motorcycle, from the mere happening of the accident. This was error. Negligence cannot be presumed on the part of defendant's employee even in the absence of a satisfactory explanation on his part as to how the accident occurred, or even in the absence of exculpatory evidence by him. Negligence, or a failure to exercise due and proper care, must be affirmatively shown by plaintiff in order to sustain a verdict.

The present Chief Justice very clearly stated the rule which is here applicable, when he said in *McAvoy v. Kromer*, 277 Pa. 196, 197: ". . . to affirm appellee's case, we must hold that a mere collision between an automobile and a pedestrian or vehicle proves negligence; this it does not do: *King v. Brillhart*, 271 Pa. 301, 304; *Flanigan v. McLean*, 267 Pa. 553, 556. Nor does it raise a presumption of negligence. To so hold would establish the doctrine of res ipsa loquitur as to such accidents: *Flanigan v. McLean*, supra. There must be other evidence leading up to the fact of accident on which culpableness may be based. 'In order to maintain the verdict the plaintiffs are bound to point to evidence which would justify men of ordinary reason and fairness in saying that the defendant's driver, if he had exercised ordinary care, could have avoided the accident': *Eastburn v. United States Express Co.*, 225 Pa. 33, 38, 39; *Flanigan v. McLean*, supra." To the same effect are also the following cases: *Gilles v. Leas*, 282 Pa. 318; *Wiser v. Parkway Baking Co.*, 289 Pa. 565; *Justice v.*

*Weymann,* 306 Pa. 88; *Whalen v. Yellow Cab Co.,* 313 Pa. 97; *Beyrent v. Kaplan,* 315 Pa. 353; *Sajatovich v. Traction Bus Co.,* 314 Pa. 569; *Hoffman v. Herman,* 107 Pa. Superior Ct. 92.

This case is distinguishable from those cases of which *Knox v. Simmerman,* 301 Pa. 1, is typical. There a guest passenger in an automobile brought suit for injuries sustained by him. The accident happened on a clear day on a broad, dry pavement. The driver of the car approaching a curve, failed to make the turn and the car dashed into a pile of stones outside of the pavement. The cause of the accident was unexplained. We said: ". . . the accident was such as under normal conditions does not occur; hence, it so happening, unexplained, would justify a jury in presuming the defendant was negligent. It is not a case of res ipsa loquitur, for negligence is not presumed from the mere happening of the accident, but from the circumstances under which it occurred." See also *Shafer v. Lacock, Hawthorn & Co.,* 168 Pa. 497; *Durning v. Hyman,* 286 Pa. 376; *Gawronski v. McAdoo,* 266 Pa. 449; *Lesick v. Proctor,* 300 Pa. 347.

While it is true that the trial judge, in his general charge, instructed the jury that the burden was on plaintiff to prove negligence on the part of defendant's employee, and also affirmed a point submitted by defendant to that effect, nevertheless it cannot be said definitely that the error in affirming plaintiff's fourth point for charge was thereby cured. Moreover, it is impossible to determine which instructions the jury followed,—those contained in the general charge, or in plaintiff's point, or in defendant's point. Under such circumstances our only recourse is to remand the case for a new trial. The second and third assignments of error therefore are sustained.

Defendant has also assigned as error a passage from the charge wherein the trial judge instructed the jury: "Now, I say to you, that under the evidence, the officer

was in the performance of his lawful duty. But the mere fact that he was an officer gives him no further rights to violate any law than any other individual. If he wants to proceed along a highway on a motorcycle he has a right to do so but he is obliged to observe the motor vehicle laws or the laws of the Commonwealth of Pennsylvania just the same as any other person." The excerpt quoted certainly does not disclose any error. Of all persons a police officer whose duty it is to enforce the law should obey the law. When the charge is read as a whole, however, we think defendant has a just complaint, which should be obviated at a subsequent trial. The passage of which complaint is made occurs in the course of a discussion by the trial judge of the evidence as to the speed of the motorcycle, in connection with the police officer's testimony that he was following a speeding automobile. From this instruction the jury doubtless understood that the policeman, even though he was pursuing a speeder, had no right to go faster than the speed limit at that point. This is not the law. Subsection (f) of section 1002 of the Vehicle Code of May 1, 1929, P. L. 905, and its amendments, expressly provides that speed limitations "shall not apply to vehicles, when operated with due regard for safety, under the direction of the police in the chase or apprehension of violators of the law, or of persons charged with or suspected of any such violation.' The jury were not informed as to this important qualification upon the police officer's duty to obey the speed laws. While doubtless this was an oversight, the jury may have received a mistaken impression as to the speed at which the officer might lawfully proceed. This should be avoided when the case is tried again.

The judgment is reversed, and a venire facias de novo is awarded.