## BRADSHAW et al. v. GENERAL MOTORS ACCEPTANCE CORPORATION.
### No. 3947.

District Court, M. D. Pennsylvania.
June 22, 1937.

994

John P. Vallilee, of Towanda, Pa., for Bradshaw et al.

Laurence D. Savige, of Scranton, Pa., for General Motors.

JOHNSON, District Judge.

This is an action in trespass to recover $200 compensatory damages and $9,800 punitive damages alleged to have resulted from defendant's conversion of an automobile belonging to the plaintiffs. The case was tried before the court and a jury and a verdict was rendered in favor of the defendant. The plaintiffs now move for a new trial.

The statement of claim averred in substance that plaintiffs obtained a judgment in Bradford county, Pa., against one Wilfred Cook, execution issued thereon and the sheriff levied upon a Chevrolet Coach as the property of Cook and advertised the same for sale; that at the sale, one Kent, defendant's agent, appeared and advised plaintiff's attorney that defendant had sold the car to Cook in New York on a conditional sale which was recorded in New York but not in Pennsylvania, and that defendant still owed $24 thereon; that plaintiffs' attorney advised Kent that defendant's rights had been lost for failure of defendant to record the contract in Pennsylvania where Cook had been keeping the car for some time; that the sheriff sold the car to plaintiffs at public auction without objection on the part of Kent, who was present at the sale; that after the sale the car became the property of the plaintiffs; that after the sale Kent secretly took the Chevrolet coach across the New York border and subsequently demanded $24 of the plaintiffs before he would release the car; that plaintiffs refused to pay the $24, whereupon Kent sold the car and kept the proceeds.

In its affidavit of defense, defendant denies that Cook owned or lawfully possessed the Chevrolet Coach and avers that at all times the defendant owned it and had a right of possession thereto; that the sheriff at no time had possession of the automobile and at no time delivered possession to plaintiffs.

The main controversy in the case was whether the agreement between the defendant and Cook was a conditional sale or a bailment lease. The plaintiffs' case rested mainly on the theory that the agreement was a conditional sale. The court instructed the jury that the agreement was a bailment lease, and in that instruction plaintiffs contend the court erred. The agreement in question is in the form of the usual bailment lease. It stipulated a total rental of $168.50, of which $50 was payable on or before delivery, leaving a deferred rental of $118.50 payable in installments of $11.85 on the same day of each successive month, commencing with December 17, 1934. Thus the agreement provides for a fixed rental over a definite term. It also provides for the return of the automobile at the end of the term with the option on the part of the lessee to purchase the automobile for $1. Such agreements are bailment leases, General Motors Acceptance Corp. v. Horton, 85 F.(2d) 452; General Motors Acceptance Corp. v. Hartman, 114

Pa.Super. 544, 174 A. 795, and accordingly the court did not err in instructing the jury to that effect.

Most of the other reasons for a new trial grow out of the alleged erroneous instructions that the agreement was a bailment lease.

Another reason for a new trial stressed by the plaintiffs is that the court erred in refusing to admit paragraph 12 of the statement of claim for the reason that it is not denied in the affidavit of defense. The twelfth paragraph avers that after the sale the automobile became the property of the plaintiffs. The affidavit of defense makes an effective denial of this paragraph. It denies that Cook owned or lawfully possessed the automobile and avers that the defendant owned it at all times complained of and that the sheriff at no time delivered possession to the plaintiffs.

The plaintiffs further contend that because the affidavit of defense is made on information and belief only, it is totally defective and the same as if no affidavit had been filed; and that under section 13 of the Pennsylvania Practice Act (12 P.S. Pa. § 412), paragraph 12 of the statement should have been admitted as an averment of "the ownership or possession of the vehicle, machinery, property or instrumentality involved" which was not denied.

The purpose of section 13 of the Practice Act is stated in Flanigan v. McLean, 267 Pa. 553, 558, 110 A. 370, 371: "Doubtless the legislative intent was, in the absence of contradiction by affidavit of defense, to dispense with proof of certain formal averments as to the instrumentality, or agency of the person, involved in the occurrence and charged with responsibility therefor—not to relieve a plaintiff from proving the vital averments of his declaration as to injury, negligence, damages, etc." See, also, Charlap v. Lepow, 87 Pa.Super. 466, 469; Gledic v. Salinger, 37 Dauphin Co. Rep. 55.

The averments admitted under section 13, in the absence of a denial, are formal averments of such character as do not tend to establish the wrongful act complained of and are not usually of any substantial contest. Even in the absence of an affidavit of defense in trespass cases, the plaintiff cannot take judgment, but must prove the material allegations, including the commission of the wrongful act.

The automobile is not the instrumentality or property involved in the wrongful act complained of and charged with responsibility therefor, within the meaning of section 13 of the Practice Act (12 P.S.Pa. § 412). The averment of ownership of the automobile by the plaintiffs was not merely a formal allegation, but a vital averment which the plaintiff was obliged to prove in order to establish a wrongful taking by the defendant. The averment of ownership of the automobile in this case could not be admitted under section 13 of the Practice Act and the court properly refused to admit in evidence this averment.

The court has carefully considered all of the reasons for a new trial and is of the opinion that they are without merit.

And now, the reasons for a new trial are dismissed, the motion for a new trial is overruled, and a new trial is refused.